## McGAH et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12750.

United States Court of Appeals
Ninth Circuit.

Jan. 4, 1952.

M. W. Dobrzensky, Edward B. Kelly, Oakland, Cal., for petitioners.

Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, Carlton Fox and Virginia Adams, Sp. Assts. to the Atty. Gen., for respondent.

Before MATHEWS, BONE and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioners, Lucille McGah, E. W. McGah, Carole O'Shea and John P. O'Shea, partners calling themselves San Leandro Homes Company, were at all pertinent times engaged in the trade or business of renting and selling houses in San Leandro, California. In August, September and October, 1944, they sold, and derived gains from the sale of, 14 houses, all of which had been used in their trade or business [1] and held by them for more than 6 months. For income tax purposes, they treated the gains so derived as gains from sales of capital assets held for more than 6 months, which is to say, as long-term capital gains.[2] Respondent, the Commissioner of Internal Revenue, treated them as ordinary gains and, so treating them, determined that there were deficiencies in respect of petitioners' income taxes for 1944. The Tax Court agreed with respondent.[3] Its decisions are here for review.

In treating the gains derived from the sale of the 14 houses as long-term capital gains, petitioners relied on 26 U.S.C.A.Int. Rev.Code, § 117(j), which provided:

"(j) Gains and losses from involuntary conversion and from the sale or exchange of certain property used in the trade or business

"(1) Definition of property used in the trade or business. For the purposes of this subsection, the term 'property used in the trade or business' means property used in the trade or business, of a character

1. Petitioners used the houses by renting them.

2. See 26 U.S.C.A.Int.Rev.Code, §§ 117(a) (4), 117(b), 26 U.S.C.A. § 117(a)(4), (b).

3. See 15 T.C. 69.

which is subject to the allowance for depreciation provided in [26 U.S.C.A.Int.Rev. Code, § 23(*l*)], held for more than 6 months, and real property used in the trade or business, held for more than 6 months, which is not (A) property of a kind which would properly be includible in the inventory of the taxpayer if on hand at the close of the taxable year, or (B) property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business. * * *

"(2) General rule. If, during the taxable year, the recognized gains upon sales or exchanges of property used in the trade or business, plus the recognized gains from the compulsory or involuntary conversion (as a result of destruction in whole or in part, theft or seizure, or an exercise of the power of requisition or condemnation or the threat or imminence thereof) of property used in the trade or business and capital assets held for more than 6 months into other property or money, exceed the recognized losses from such sales, exchanges, and conversions, such gains and losses shall be considered as gains and losses from sales or exchanges of capital assets held for more than 6 months. * * *"

Petitioners claimed that the 14 houses were "property used in the trade or business", as defined in paragraph (1) of § 117(j), and that therefore the general rule stated in paragraph (2) of § 117(j) was applicable. Respondent claimed that the 14 houses were property held by petitioners primarily for sale to customers in the ordinary course of petitioners' trade or business and therefore were not "property used in the trade or business", as defined in paragraph (1), and that therefore the general rule stated in paragraph (2) was inapplicable.

The Tax Court found that, at the time of their sale, the 14 houses were held by petitioners primarily for sale to customers in the ordinary course of petitioners' trade or business. There was, however, no finding as to whether the 14 houses were so held prior to their sale, or as to when and how long, if at all, the 14 houses were so

held prior to their sale. Such findings should be made.

Decisions vacated and cases remanded with directions to make such findings and thereupon enter such decisions as may be proper.