**CONTINENTAL CASUALTY CO.,**
**Appellant,**

v.

**Edgar William STOKES, Appellee.**

**No. 16453.**

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1957.

Wesley G. Carey, R. J. Dwyer and Carey & Papy, Miami, Fla., for appellant.

Thomas H. Anderson, Anderson & Nadeau, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

## PER CURIAM.

Edgar W. Stokes, the plaintiff-appellee, brought this proceeding to obtain a declaration of his rights under a health and accident policy issued by the defendant-appellant, Continental Casualty. It is one of three cases in which Stokes has sought to recover benefits under health and disability policies held by him. In the companion case of Stokes v. Continental Assurance Company, 5 Cir., 242 F.2d 893, we affirmed a judgment entered upon a jury verdict in favor of the defendant insurance company. The third case, Stokes v. Travelers Insurance Company, 5 Cir., 249 F.2d 155, which was consolidated for trial with the present proceeding, will be considered hereafter as a separate appeal.

This case and the Travelers case were tried upon the entire transcript of testimony and exhibits introduced in the Continental Assurance case, supra. In addition there were introduced certain depositions which had not been considered in the earlier trial, and the plaintiff Stokes testified anew in open court.

The plaintiff's policy provides for monthly payments to the insured, "* * * if [he] shall be disabled by accidental injury or by sickness and by reason of such disability shall necessarily suffer loss of business time * * * ." The amount of the payments depends upon whether the loss of time is total or partial. The trial judge, sitting without a jury, found as a fact that since at least February 26, 1952, the insured "* * * has been totally and permanently disabled by reason of sickness within the meaning of said policy and has suffered a total loss of business time during the entire period."

The policy upon which the present action is brought is similar to the policy which we had for consideration in the Continental Assurance Company case. To a casual observer it may appear inconsistent in view of these similar provisions that the defendant, the insurance company, should prevail in the jury trial in the reported case and that the plaintiff should be given a judgment against the insurance company in the present case. This apparent inconsistency is even more emphasized when it is considered that the trial court gave judgment for the defendant insurance company in the Travelers Insurance Company case.

The differing results in the three cases can be readily understood, however, when it is realized that this Court will affirm the judgment of a trial court based upon a jury verdict if there is any evidence to support it. It follows, of course,

that if the jury had decided the case differently, the opposite verdict, if supported by evidence, would also be affirmed. In other words there may be complete inconsistency in fact between two findings either by two separate juries or by a jury on the one hand and a trial judge sitting without a jury on the other. Moreover, the apparent inconsistency is sometimes more imaginary than real when the testimony or other evidence before the trial court differs in some degree in the two different trials.

■ Without undertaking to analyze the testimony of all the witnesses as contained in the record of the first trial, or to point out specifically the additional testimony adduced both in open court and by deposition for consideration of the district court in the present case, we simply say that the record which is now before us contains evidence sufficient to support a finding of the trier of facts that Dr. Edgar W. Stokes had within the meaning of the policy suffered a total loss of business time and that such loss was permanent in nature.

■ We recognize, of course, that the requirements to be followed in the appellate review of findings of fact returned by a jury, mentioned previously in discussing the apparent inconsistency in the differing judgments in these cases, do not apply in the review under Rule 52(a), Fed.Rules Civ.Proc. 28 U.S.C.A. of findings rendered by a judge sitting without a jury and that evidence sufficient to support a jury verdict may not sustain a trial judge's finding (See Orvis v. Higgins, 2 Cir., 180 F.2d 537, certiorari denied 340 U.S. 810, 71 S.Ct. 37, 95 L.Ed. 595). It is also true, as we have observed (Galena Oaks Corporation v. Scofield, 5 Cir., 218 F.2d 217), that the duty at this level to adhere to the trial court's findings as presumptively correct becomes less compelling as the ability of the appellate court to evaluate credibility and weigh evidence approaches that of the judge below, owing, for example, to the documentary or undisputed character of the proof. These considerations, however, neither require nor suggest reversal here.

The facts upon which the trial judge's finding rests are not undisputed. The plaintiff, in addition, testified in open court. Although the remaining proof is entirely documentary, it does not render the plaintiff's testimony immaterial to the decision of this case nor the trial judge's evaluation of his credibility unimportant. Here, in fact, the opportunity to observe the plaintiff as a witness is peculiarly important, for his credibility not only influences the weight to be given to his own testimony in open court, but also affects to an appreciable degree the trustworthiness and persuasiveness of much of the documentary proof as well. The depositions and transcript of the earlier trial are devoted largely to medical evidence and are the only source of disinterested testimony upon the medical aspects of this case. The opinions favorable to plaintiff are derived primarily from his medical history as related by him and the dispute here, as it did in the Continental Assurance case, centers upon the authenticity of this history and the genuineness of the subjective symptoms plaintiff exhibited. The data upon which much of the expert testimony was based being singularly within the plaintiff's control, his credibility is inevitably involved in assessing the appropriate weight to be given to that medical evidence. We cannot duplicate the opportunity of the trial judge to appraise that proof even though it reached him in documentary form, and we note that he acknowledged reliance upon the appearance and demeanor of the plaintiff upon the stand in evaluating the medical testimony. Under these circumstances, we are not persuaded, nor is there a predicate for holding that a mistake was committed below (see United States v. U. S. Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746).

The appellant's other points have been carefully examined but we find them to be without merit.

The judgment is affirmed.