Edgar W. **STOKES**, Appellant,

v.

**The TRAVELERS INSURANCE COM-
PANY,** Appellee.

No. 16472.

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1957.

Rehearing Denied Dec. 24, 1957.

———◆———

Thomas H. Anderson, Anderson & Na-
deau, Miami, Fla., for appellant.

James A. Dixon, Jr., Dixon, DeJar-
nette, Bradford & Williams, Miami, Fla.,
for appellee.

Before HUTCHESON, Chief Judge,
and TUTTLE and WISDOM, Circuit
Judges.

PER CURIAM.

This case is a companion to Stokes v.
Continental Assurance Company, 5 Cir.,
242 F.2d 893, and to Continental Casual-
ty Company v. Stokes, 5 Cir., 249 F.2d
152. The three cases originate from
Stokes's efforts, after an alleged automo-
bile accident on February 26, 1952, to re-
cover benefits under health and disabili-
ty policies held by him. In Stokes **v.**
Continental Assurance Co., supra, we af-
firmed a judgment entered upon a jury
verdict for the defendant insurance com-
pany. In Continental Casualty Company
v. Stokes, supra, which was consolidated
for trial with the present proceeding, but
which has been considered as a separate
appeal, we affirmed a judgment in fa-
vor of the plaintiff Stokes entered by the
trial judge sitting without a jury. In the
present case, Stokes appeals from a judg-
ment, similarly entered by the trial judge
alone, in favor of the defendant Travel-
ers Insurance Company. The main ques-
tion is whether the trial judge's findings
are supported by the evidence.

By stipulation of the parties this case
is to be decided on the testimonial evi-
dence in the record in the Continental
Casualty case. The requirements of the
Travelers policy, however, are different
from those upon which recovery depend-
ed in the Continental Casualty case.
There, as in the Continental Assurance
case, the question was whether the in-
sured had become disabled by bodily or
accidental injury, *or* by sickness, and had
suffered a loss of business time thereby.
The Travelers policy, on the other hand,
provides for indemnification ," * * *
against loss resulting directly and inde-
pendently of all other causes from bodily
injuries sustained during the term of
this Policy and effected solely through
accidental means, subject to the provi-
sions, conditions and limitations con-
tained in this Policy."

The trial judge found as a fact:

" * * * 4. That the defend-
ant, The Travelers Insurance Com-
pany, is liable to the plaintiff, Edgar
W. Stokes, only if the plaintiff is

permanently and totally disabled from injuries brought about solely by the aforesaid automobile accident within the meaning of the provisions of said policy, and that the said defendant is not liable to the plaintiff for disabilities, if any, arising independent of his injuries in the aforesaid accident, or disabilities, if any, which were aggravated by the aforesaid accident.

"5. That the disabilities of the plaintiff from September 10, 1952 to the present time, and under which he is laboring at the present time, are conditions which existed prior to the aforesaid automobile accident, and if affected at all by the said accident were merely aggravated, and that his present disabilities were not brought about solely by the said accident within the meaning of the provisions of the defendant's policy of insurance, or, in the case of the plaintiff's claimed heart condition, if any, were unconnected with the aforesaid automobile accident or any other accidental occurrence within the coverage afforded by the aforesaid policy of insurance."

Without, therefore, reaching the question whether the plaintiff was totally and permanently disabled within the meaning of the policy, the trial judge determined that the plaintiff was not entitled to recover under the policy.

We are in agreement with the trial court in its interpretation of the policy of insurance as it must be applied to the facts of this case. We have carefully examined the evidence and find that it amply sustains the finding that the plaintiff's disability was not solely due to the automobile accident. It cannot be said that the finding is clearly erroneous (Rule 52(a), Fed.Rules Civ.Proc. 28 U.S. C.A.)

The judgment is affirmed.