**Alfred J. RIEDEL and Louise Riedel, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 17139.**

United States Court of Appeals Fifth Circuit.

Dec. 2, 1958.

Eugene J. Pitman, Houston, Tex., De Lange, Hudspeth & Pitman, Houston, Tex., for petitioners.

John J. Pajak, A. F. Prescott, Joseph F. Geotten, Lee A. Jackson, Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., John M. Morawski, Special Atty., IRS, Arch M. Cantrall, Chief Counsel, IRS, Washington, D. C., for appellee.

Before TUTTLE, JONES and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This petition for review of a decision of the Tax Court presents the much litigated question whether the sale of land by taxpayers was a sale of a capital asset or of property primarily held for sale to customers in the ordinary course of business.

The admitted facts more nearly come within the pattern of Smith v. Dunn, 5 Cir., 224 F.2d 353, decided for the taxpayer, than within the framework of any case deciding differently. As stated by this Court in Galena Oaks Corp. v. Scofield, 5 Cir., 218 F.2d 217, 219, "insofar * * * as the so-called 'ultimate fact' is simply the result reached by processes of legal reasoning from, or the interpretation of the legal significance of, the evidentiary facts, it is 'subject to review free of the restraining import of the so-called clearly erroneous rule,' Lehmann v. Acheson, 3 Cir., 206 F.2d 592, 594." The legal conclusion reached then by the Tax Court in this case on what is, on all essential matters, undisputed evidence, is subject to review as we held the Tax Court decision was in Goldberg v. C. I. R., 5 Cir., 223 F.2d 709.

We conclude that the testimony and stipulation before the Tax Court could not give rise to the legal inference that this elderly couple, in disposing of this 34 acres inherited some thirty years previously, even though they sold it in 27 different lots after subdividing it, were at any time engaged in the ordinary course of business of selling lots. The sales were simply a disposition by them of this capital asset in the only way in which a satisfactory price could be obtained. The taxpayers did not enter and carry on a business "in the manner in which such a business is ordinarily conducted." Cf. Home Co., Inc., v. C. I. R., 10 Cir., 212 F.2d 637, 641, cited in Galena Oaks Corp. v. Scofield, supra.

The judgment of the Tax Court is reversed and the case remanded for entry of judgment in favor of petitioners.