The separate suits of Mrs. Doris Gillespie and Joe B. Whitten against Southern Farm Bureau Casualty Insurance Company were consolidated by order of the Circuit Court of Lee County, Mississippi. Thereafter that court sustained a demurrer and plea in bar to each declaration and plaintiffs, Doris Gillespie and Joe B. Whitten, appeal.
Jessie Mae Whitten, the appellants' 80-year-old mother, was a passenger in an automobile owned and driven by her adult *Page 469 
daughter, Florence Whitten (the appellants' sister), when the Whitten car was involved in an intersectional accident with an automobile driven by James E. Moran, Jr. and owned by his father, James E. Moran. A collision occurred when Florence Whitten attempted to make a left turn in front of James E. Moran, Jr. at the intersection of Monument and West Main streets in Tupelo, Mississippi. The Moran car struck the right front side of the Whitten car, and Jessie Mae Whitten was badly injured. The accident took place on July 6, 1973. Jessie Mae Whitten died on September 21, 1973.
Suit was first brought in the United States District Court for the Northern District of Mississippi under Mississippi's wrongful death statute on behalf of all of the statutory heirs of Jessie Mae Whitten. Linda W. Vinson, Administratrix of the Estate of Jessie Mae Whitten, deceased, brought suit against the city of Tupelo, Mississippi, James E. Moran, James E. Moran, Jr., and Florence Whitten.
The case was fully tried and the jury brought in a verdict against Florence Whitten only for $13,639.45 (the exact amount of the hospital, medical and nursing expenses). In a Memorandum Order, United States District Court Judge William C. Keady found:
 "A serious factual dispute existed in the evidence as to whether the decedent's death was proximately caused by the accidental injuries. The death certificate executed by Dr. Murphy who attended the decedent from July 6, 1973, until September 17, 1973, listed the primary cause of her death as congestive heart failure; and that the decedent had arteriosclerosis as well as multiple chest injuries. On the whole evidence it was a question for the jury to decide whether the accidental injuries proximately caused the decedent's death. Necessarily, the jury answered this question in the negative, when it refused to award plaintiff the funeral expenses or any sum to the heirs for loss of society and companionship. We are unable to conclude that this finding by the jury was unsupported by substantial evidence."
Thereafter, Mrs. Doris Gillespie, daughter of decedent, and Joe B. Whitten, son of decedent, brought separate suits in the Circuit Court of Lee County against Southern Farm Bureau Casualty Insurance Company. Plaintiffs contended that their sister, Florence Whitten, had liability insurance on her car but that said policy had an exclusion in said policy denying coverage because of the fact that the decedent, Jessie Mae Whitten, was living in the same household with the said Florence Whitten. As a result thereof, Appellants urge that under the law Florence Whitten became an uninsured motorist. Mrs. Gillespie then alleged that defendant insurance company was liable under the uninsured motorist endorsement to six different policies of insurance issued to Ralph H. Gillespie, her husband, on six different cars, the named insured in each policy being either Ralph Gillespie, Mrs. Ralph Gillespie, or Jeffery, Nancy or Margaret Gillespie, their children. Joe B. Whitten alleged that defendant was liable under the uninsured motorist endorsement to six different insurance policies issued to Joe B. Whitten on six different cars, the named insured in each policy being either Whitten, his wife or one of their three children.
Jessie Mae Whitten and her husband lived with their unmarried daughter, Florence Whitten. Jessie Mae's sole income was from social security.
The appellants adopt the position that the language of the statute [Miss. Code Ann. § 83-11-101 (1976)] does not require bodily injury to the insured, but they concede that the policy provision does so require.
The sole issue, therefore, is whether there is any conflict between the provision of the statute and the provision of the insurance policy or contract in this regard.
Mississippi Code Annotated section 83-11-101 (1976 Supp.), provides in part:
 "No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he *Page 470 
shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, . . . ."
Mississippi Code Annotated section 83-11-103 (1972) defines the term "insured" as meaning:
 "[T]he named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above; . . . ."
The uninsured motorist endorsement to each policy contains this provision:
 "I. DAMAGES FOR BODILY INJURY CAUSED BY UNINSURED MOTORISTS.
 To pay all sums . . . which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', sustained by the insured. . . ."
The uninsured motorist endorsement to each policy provides that the word "insured" means:
 "(1) the First Named Insured as stated in the policy and while residents of the same household, his spouse and relatives of either;
 "(2) any other person while occupying an insured automobile with permission of the named insured or spouse."
Both of the appellants, Mrs. Doris Gillespie and Joe B. Whitten, admit that their mother, Jessie Mae Whitten, was not a resident of their household, but that their mother lived separate and apart from them in the household of Florence Whitten. We find no conflict between the definition of the term "insured" in Section 83-11-103 and the definition contained in each policy of insurance.
This Court said in Talbot v. State Farm Mutual AutomobileInsurance Company, 291 So.2d 699 (Miss. 1974):
 "The named policyholder and members of his household are protected if injured by an uninsured motor vehicle regardless of where the injury took place. The other coverage provided is for all persons occupying one of the insured vehicles with Insured's permission when so injured by an uninsured motorist." 291 So.2d at 702 (Emphasis added).
In the case at bar, two facts are undisputed: (1) No "insured" was involved in the accident or received any injury; and (2) No "insured vehicle" under the Ralph Gillespie or Joe B. Whitten policies was involved in the accident.
We are of the opinion that our holding in Talbot is dispositive of the question involved in the case at bar. The injuries or death, because of an uninsured motorist, must be to the named policyholder, his or her spouse or a relative of either, while a member of the household of the namedpolicyholder.
The second class of coverage provided by the uninsured motorist endorsement is for those who use, with the consent of the named insured, "the motor vehicle to which the policy applies" and those who are "guest[s] in such motor vehicle to which the policy applies". Miss. Code Ann. § 83-11-103 (1972); Talbot v. StateFarm, supra.
The appellants cite the following cases to support their claim that they are entitled to maintain this action under the wrongful death statute of our state: Brummett v. Grange InsuranceAssociation, 4 Wn. App. 979, 485 P.2d 88 (1971); Davis v.United States Fidelity Guaranty Co., 172 So.2d 485 (Fla.App. 1965); and Sterns v. M.F.A. Mutual Insurance Co.,401 S.W.2d 510 (Mo. App. 1966). We have carefully reviewed these cases and find that the decedent in each case falls within the definition of "insured" contained in the insurance policy. *Page 471 
In the case at bar, we find that the decedent was not an insured, either under the statute or under the policy. The trial court, therefore, properly sustained a demurrer to each declaration and dismissed the action in each case.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.