MOTORISTS MUTUAL INSURANCE COMPANY, APPELLANT, *v.*
SPECK, APPELLEE.

(No. 8600—Decided December 14, 1977.)

Mr. *Edward H. Corbett*, for appellant.
Mr. *A. William Zavarello*, for appellee.

HUNSICKER, J. Ralph Speck and his third wife, on September 12, 1974, obtained from Motorist Mutual Insurance Co. a policy of automobile insurance. That contract contained an uninsured motorists clause. The terms of the contract of insurance pertinent to the present action will be set out more fully later in this opinion.

On October 21, 1974, Ralph Speck's sixteen year old daughter, named Elizabeth "Lisa" Speck, a child by his first wife, was killed in a motor vehicle accident allegedly occasioned by the negligence of an uninsured motorist.

A recitation of the domestic problems of Ralph Speck and his three wives is unnecessary to a determination of the legal or factual questions giving rise to the present controversy. Ralph Speck, at all times, had legal custody of his children under the divorce decree from his first wife, the mother of "Lisa" Speck.

Ralph Speck testified that he tried to discuss his rights with the agent who sold him the policy and did talk with others including some lawyers, concerning his rights under the automobile insurance policy. He was discouraged in his attempt to seek a recovery of damages for the loss of his daughter. After Ralph Speck consulted his present lawyer, the Motorists Mutual Insurance Co. was notified of the loss of "Lisa" Speck on August 10, 1976, when a request was filed by Ralph Speck with the American Arbitration Association demanding arbitration of the wrongful death claim arising out of the accident and the claimed coverage afforded Ralph Speck by the uninsured motorists provision of the insurance contract with Motorist Mutual Insurance Co.

After receiving this demand for arbitration, Motorists Mutual Insurance Co. filed a complaint for declaratory judgment and injunction, in the Court of Common Pleas of Summit County.

After a trial was had, the Common Pleas Court determined "that Ralph Speck did give notice within a reasonable time and did conduct himself as a reasonable man in reference thereto." The court ordered the matter referred to arbitration for a determination of the amount of damages.

From the judgment so rendered Motorists Mutual Insurance Co. says:

"1. The trial court erred in its application of law to the finding of facts with respect to the applicability of appellant's policy to the loss of October 21, 1974.

"2. The trial court erred in its determination that there had been no breach of policy conditions by Ralph Speck."

The protection against uninsured motorists is found in the policy under the title "Insuring Agreement VI-P. U. M.-* * * Coverage J—Damages For Bodily Injury Caused By Uninsured Automobiles." The principal provision, Coverage J, reads as follows:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by the accident, and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or if they fail to agree, by arbitration.

"Definitions Applicable to Coverage J

"1. Insured. The unqualified word 'insured' means:

"a. the 'named insured';

"b. any other person while occupying an 'insured automobile'; and

"c. any person, with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which this coverage applies.

"2. Named Insured. The term 'named insured' as used

in this coverage means, the named insured as stated in the declarations of the policy and any person designated in Item 2 of the declarations with respect to this coverage and, while residents of the same household the spouse of any such named insured or person and relatives of either; provided, if the named insured as stated in the policy is other than an individual or husband and wife who are residents of the same household, the named insured for the purposes of this coverage shall be only a person so designated in the declarations.

"The insurance applies separately with respect to each 'named insured,' but neither this provision nor application of the insurance to more than one insured shall operate to increase the limits of the company's liability."

The trial court determined that "Lisa" Speck was not a resident of the household of Ralph Speck. No cross-appeal was filed from that order. The evidence is clear that such determination had sufficient credible evidence to sustain the conclusion.

The general rule of construction of insurance contracts was well stated by Judge Zimmerman in *Peterson* v. *Nationwide Mutual Ins. Co.* (1964), 175 Ohio St. 551 at 553, as follows:

"An established principle of insurance law, recognized in many decisions of this court, is that an insurance contract, in case of doubt as to the meaning and intent thereof, is to be interpreted against the insurer, the one who drew it and who is responsible for the language employed, and in favor of the insured. * * *"

This general rule of construction applies to the uninsured motorist protection clause in the instant case. That clause was included in the contract herein as required by R. C. 3937.18.

This court has been cited to one very similar case where the uninsured motorist clause is for all purposes identical. Counsel for both parties insist that it is the only case touching this subject that they, after extensive research, have been able to discover. Our research confirms this statement for we too find no similar case on the subject.

In *State Farm Mut. Auto Ins. Co.* v. *Selders* (1971),

187 Neb. 342, 190 N. W. 2d 789, Mr. and Mrs. Selders were divorced and living separate and apart. The three children of the parties resided with their mother. The three children died as the result of an accident while riding with an uninsured motorist. The court there said, at 346, 190 N. W. 2d 792:

"* * * The policy commits plaintiff: 'To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured; * * *.' It then proceeds to define 'insured' as hereinabove set forth. * * * Provision (3) would appear to be meaningless if limited to injuries sustained by the insureds mentioned in provisions (1) and (2). It apparently was intended to comply with the statutory requirement found in section 60-509.01, R. R. S. 1943, which requires uninsured motorist insurance 'for the protection of *persons insured thereunder who are legally entitled to recover damages* from owners or operators of uninsured motor vehicles, * * *.' (Emphasis supplied.) As pointed out, Earl B. Selders, as the father, is legally entitled to recover damages for the death of his children *and he is an insured.* Provision (3) adds an additional category of 'insured.' It provides not only for recovery for *injuries* sustained by an insured but also for the recovery of other consequential damages which an insured is legally entitled to recover from an uninsured motorist."

In Ohio, the action for wrongful death is controlled by R. C. 2125.01, *et seq.* The action must be brought in the name of the personal representative for the exclusive benefit of designated persons "and other next of kin." Under R. C. 3103.03, the husband is to support his minor children as a primary obligation. "Lisa" Speck, although not a member of the household of her father, was still his minor unemancipated child; hence, Ralph Speck is entitled to the services of this child, as well as being liable for funeral expenses, since death did occur. *Nelson v. Horton* (1971), 31 Ohio App. 2d 159. R. C. 3937.18 says that the uninsured motorist insurance is "for the protection of persons in-

sured thereunder who are legally entitled to recover damages * * * because of bodily injury, sickness, or disease, including death, resulting therefrom; * * *.''

Uninsured motorist insurance is not liability insurance since it insures a person for losses which occur because of the conduct of a limited group of tortfeasors that is, financially irresponsible motorists.

It is for this reason that we believe the general rule of construction of insurance contracts must be applied herein to carry out the objective of the uninsured motorist statutory requirement of providing financial protection for damages caused by uninsured motorists.

If it is established that the death of ''Lisa'' Speck was caused by the acts of the uninsured motorist, the right on the part of Ralph Speck to be ''legally entitled to recover'' damages from the person is his right as the father upon whom the burden of support, medical care and if needed, funeral expenses, devolved, his loss is also the right to the earnings of his children during minority.

Motorists Mutual Insurance Co. said it would pay to Ralph Speck all such sums which he, Ralph Speck, shall be legally entitled to recover as damages from the operator of the uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, sustained by Ralph Speck, caused by accident arising out of the use of the uninsured automobile. Ralph Speck was the insured under the contract of insurance. For the losses he sustained he is entitled to recover in the instant situation.

We reject assignment of error one.

The second assignment of error raises the question of the timeliness of the notice to the appellant of the claimed loss. Notice is not required in a definite number of days, but Motorists Mutual Insurance Co. asked for notification "as soon as practicable." In this case, it was twenty months before a request for arbitration was made. The testimony, however, shows that Ralph Speck talked to Mr. McCutcheon, the insurance agent who sold him the policy, not long after the death of Lisa. Mr. McCutcheon discouraged

Mr. Speck but did contact the second Mrs. Speck with whom "Lisa" Speck lived at the time, and encouraged her in the belief that she might be entitled to recover. Other activities of Ralph Speck to get advice favorable to securing a lawyer were detailed until he secured his present counsel.

Whether notice is given within a reasonable time depends on the facts presented to the trial court. The rule in Ohio is that where there is competent credible evidence to sustain the judgment of the trial court, the court of appeals should affirm that judgment. 3 Ohio Jurisprudence 2d 817, Appellate Review, Section 820, and authorities there cited.

This court, in *Nye* v. *Louis Ostrov Shoe Co.* (1942), 43 N. E. 2d 103 (motion to certify overruled May 6, 1942), said at page 106:

"* * * [W]hether or not it was reasonably possible for an insured to give to his insurer immediate notice of an injury, was determined to be a question for a jury. * * *"

In that case, 18 months elapsed before notice was given by the insured to his insurer. The Ohio rule above announced is the general rule where conflicting inferences may be drawn from the evidence of notice. See, 44 American Jurisprudence 2d 1024, Insurance, Section 2076; *Employers' Liability Assurance Corp.* v. *Roehm* (1919), 99 Ohio St. 343; *Zurich Ins. Co.* v. *Valley Steel Erectors* (1968), 13 Ohio App. 2d 41, 43.

The trial court did not err in concluding that the notice to the Motorists Mutual Insurance Co. was proper under the circumstances of this case.

We reject assignment of error two.

*Judgment affirmed.*

MAHONEY, P. J., and VICTOR, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.