**Louise DELANCEY, Plaintiff–Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,**
**Defendants–Appellees.**

No. 89–4893
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 1990.

C.R. McRae, Margaret P. Ellis, McRae & Ellis, Pascagoula, Miss., for plaintiff-appellant.

J. Elmo Lang, Pascagoula, Miss., for State Farm Mut. Auto. Ins. Co.

Mildred M. Morris, William C. Griffin, Steen, Reynolds, Dalehite & Currie, Jackson, Miss., for Allstate Ins.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiffs-appellants Louise Delancey, Austin Delancey, Sharon Lee Luke, Grovene Towles, Betty Cobb, Gloria Faye Briggs, Frances D. Unger, Bonnie D. Holifield, and Harry H. Delancey (hereinafter plaintiffs) in their brief seek to challenge the district court's judgment, following a bench trial, in favor of defendants-appellees State Farm Mutual Automobile Insurance Company (State Farm) and Allstate Insurance Company (Allstate) decreeing that, under uninsured motorist provisions of the automobile insurance policies of plaintiffs other than Louise Delancey, decedent Tammy Luke Delancey (hereinafter decedent) was not an "insured" person and plaintiffs were therefore not entitled to recover under the policies. We affirm the district court's ruling with respect to Louise Delancey (Mrs. Delancey) and dismiss the appeal as to all other plaintiffs because the sole notice of appeal is sufficient only as to Mrs. Delancey.

**Facts and Proceedings Below**

In January 1984, decedent was riding her bicycle in Pascagoula, Mississippi, and was struck by an automobile driven by an allegedly underinsured drunk driver, resulting in her death. At that time, decedent, who was eleven years old, resided with her adoptive mother and maternal grandmother, Mrs. Delancey, in Pascagoula, Mississippi, where decedent was enrolled in school. Decedent's adoptive father and Mrs. Delancey's husband, Austin Delancey (Mr. Delancey), who was not a blood relative of decedent, had separated from Mrs. Delancey in January 1983, and had resided since that time in Mobile, Alabama.

Plaintiffs include Mrs. Delancey, Mr. Delancey, and seven of the Delancey's children by earlier marriages. Four plaintiffs hold policies with State Farm written in Alabama and Mississippi and a fifth holds a policy with Allstate written in Mississippi (these plaintiffs are hereinafter referred to as policyholders). Each policyholder's insurance policy provides uninsured motorist coverage under which plaintiffs seek to recover for damages in respect to decedent's death. Mrs. Delancey's insurance policy is not at issue in this suit, but she claims that, as a beneficiary under Mississippi's wrongful death statute, she has an interest in any recovery under the policyholders' policies.[1]

This dispute, at least in part, concerns whether decedent was an "insured" under the policyholders' uninsured motorist coverage. In order to be an "insured," decedent had to have been a resident relative of a policyholder's household. The Allstate policy defines "insured" as "(1) You and any resident relative; (2) Any person while in, on, getting into or out of your insured auto with your permission; (3) Any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or an occupant of your insured auto." The State Farm Mississippi and Alabama policies define "insured" as including a "relative", which in turn is defined as "a person related to you, or your spouse by blood, marriage or adoption who lives with you." These policies also include as an insured "any person entitled to recover damages because of bodily injury to an insured."

Following a bench trial, the district court ruled that no coverage was available under the uninsured motorist provisions because

---

1. Mrs. Delancey does not claim that policyholders would be entitled to proceeds under their insurance policies pursuant to Alabama's wrongful death statute.

decedent was not a resident relative with respect to any policyholder. None of the insured vehicles was involved in the accident in question. It is not disputed that all policyholders maintained households separate and apart from decedent's, and no evidence was submitted that decedent had ever resided with or visited her adoptive father in Mobile.

## Discussion

### A. Notice of Appeal

■ Plaintiffs' notice of appeal named "Louise Delancey *Et Al*" as appellants. Rule 3(c) of the Federal Rules of Appellate Procedure states that the notice of appeal "shall specify the party or parties taking the appeal...." Austin Delancey, Sharon Lee Luke, Grovene Towles, Betty Cobb, Gloria Faye Briggs, Frances D. Unger, Bonnie D. Holifield, and Harry H. Delancey are not specified as parties in the notice of appeal and we therefore dismiss their appeal for want of jurisdiction.

In *Torres v. Oakland Scavenger*, 487 U.S. 312, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988), the Supreme Court held that the phrase *"et al"* "utterly fails to provide ... notice" to the opposition and to the court. No recognized exception to the *Torres* rule applies to plaintiffs. *See Morales v. Pan American Life Ins.*, 914 F.2d 83 (5th Cir. 1990) (listing the four recognized exceptions); *see also Barnett v. Petro–Tex Chemical Corp.*, 893 F.2d 800, 804–06 (5th Cir.1990) (dismissing appeals of ten parties, identified only as *"et al"* in notice of appeal, for lack of jurisdiction).

### B. Uninsured Motorist Coverage

Mrs. Delancey, the one remaining appellant, is a party to this suit only to assert or protect her alleged interest, as a Mississippi wrongful death statute beneficiary respecting decedent, in proceeds allegedly owed to policyholders by their insurers under their uninsured motorist coverage. As noted, Mrs. Delancey's insurance policy has never been at issue in this suit. We find it unnecessary to reach the question of whether Mrs. Delancey asserts a legally enforceable interest in any proceeds that may be due under the policyholders' insurance policies, for we find that policyholders are not entitled to recovery under the uninsured motorist provisions of their insurance policies.

Mrs. Delancey bases her claim on two arguments. First, she claims that all policyholders are entitled to recover under their insurance policies, regardless of whether decedent was an insured under any policy. She argues that policyholders are seeking compensation for their own injuries for which they can maintain a cause of action under Mississippi's wrongful death statute. Miss.Code Ann. § 11–7–13. Second, she argues that decedent was a resident of Mr. Delancey's household and therefore an insured under his insurance policy.

Interpretation of these disputed insurance provisions is governed by state law. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This Court has stated that "the district court is entitled to substantial deference in its 'determination of the law of the state in which it sits.'" *Matter of Hyde*, 901 F.2d 57, 59 (5th Cir.1990) (quoting *Stephenson v. Paine Webber Jackson & Curtis, Inc.*, 839 F.2d 1095, 1101 n. 19 (5th Cir.), *cert. denied*, 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 328 (1988)).

### 1. *Uninsured Motorist Coverage for Third Party Decedents*

■ Mrs. Delancey's argument follows a progression from the language of the uninsured motorist provisions at issue, to the public policy behind Mississippi's uninsured motorist statute, to the cause of action provided by Mississippi's wrongful death statute. Policyholders' uninsured motorist provisions provide that they are "legally entitled to recover because of bodily injury" to an insured where the injury is caused by an uninsured motorist. It is not disputed that policyholders are insureds under their insurance policies. The Mississippi Supreme Court has stated that "uninsured motorist insurance is designed to provide innocent injured motorists a means of compensation for injuries which they

receive at the hands of an uninsured motorist." *Wickline v. United States Fidelity & Guar. Co.*, 530 So.2d 708, 711 (Miss.1988). Because of their familial relationship to decedent, policyholders have a cause of action for damages under the Mississippi wrongful death statute against the party negligently causing her death, in this situation the underinsured motorist. Mrs. Delancey concludes that policyholders are entitled to coverage under the uninsured motorist provisions of their policies for their injuries resulting from decedent's death and received "at the hands of an uninsured motorist."

In *Wickline*, the mother and sister of decedent, who was killed while a passenger in an underinsured automobile as result of the negligence of the driver, sued for recovery under the uninsured motorist provisions of the insurance policy covering that automobile. This policy stated that it provided uninsured motorist coverage to " '(1) you or any family member, (2) any other person occupying your covered auto; (3) any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in (1) or (2) above.' " *Id.* at 714. The court also observed that Miss. Code Ann. § 83–11–103(b) defines "insured" as " 'a guest in such motor vehicle to which the policy applies, or the personal representative of [such guest].' " *Id.* The court went on to hold: "The ... policy in issue applied to [the vehicle].... [Decedent] was a guest in that motor vehicle. [Plaintiffs] ... are her personal representatives and are thus 'insureds' within § 83–11–103(b)." *Id.*

Decedent's status as an insured is a necessary condition of the *Wickline* court's finding that plaintiffs could recover as insureds under the policy, as indicated by the court's reasoning in holding that the per person liability limits of the uninsured motorist policy applied to decedent and not separately to each plaintiff. The court held that the "wrongful death statute provides a derivative action by the beneficiaries, and those beneficiaries stand in the position of their decedent." *Id.* at 715. The court accordingly limited the plaintiffs' recovery "to that amount to which [decedent] would have been entitled, to be shared equally between them." *Id.*

In *Gillespie v. Southern Farm Bur. Cas. Ins. Co.*, 343 So.2d 467 (Miss.1977), the Mississippi Supreme Court denied recovery because the decedent was not an insured under the uninsured motorist policy sued on. In *Gillespie*, the plaintiffs, children of the decedent, sued under the uninsured motorist provisions of their own insurance policies. The decedent was not an insured under those policies.

The *Gillespie* plaintiffs claimed that they could recover as insureds by reason of injuries or death to a third party who was not an insured based on the following provision of Mississippi's uninsured motorist statute:

"[n]o automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle." *Gillespie*, 343 So.2d at 469–70 (quoting Miss.Code Ann. § 83–11–101).

Although this provision of the statute does not explicitly require that the injury for which the insured shall recover be to the insured, the policies at issue in *Gillespie* did so require.[2] Plaintiffs there argued that the statute mandated coverage for injuries to insured and noninsured alike, and that the restriction in the policies therefore conflicted with the statute. The *Gillespie* court disagreed and found no conflict be-

2. The uninsured motorist endorsement to each policy sued on in *Gillespie* contained the following provision:
 " 'I. DAMAGES FOR BODILY INJURY CAUSED BY UNINSURED MOTORISTS.
 To pay all sums ... which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operators of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured ...' " *Id.*

tween the provision of the statute and the provision of the policy in holding that "[t]he injuries or death, because of an uninsured motorist, must be to the named policyholder, his or her spouse or a relative of either, *while a member of the household of the named policyholder." Gillespie,* 343 So.2d at 470 (emphasis in original); *see also Lafleur v. Fidelity & Casualty Co. of New York,* 385 So.2d 1241, 1245 (La.Ct. App.) (Louisiana uninsured motorist statute did not mandate "coverage for what an insured may be legally entitled to recover as his 'wrongful death' damages, sustained because of the death of some third person."), *cert. denied,* 392 So.2d 684 (La. 1980).

*Wickline* and *Gillespie* must be taken as rejecting Mrs. Delancey's argument. In *Wickline,* the plaintiffs were insureds only by reason of the fact that decedent was an insured under the uninsured motorist policy sued on. Had the decedent not been an insured, plaintiffs could not have recovered. In *Gillespie,* the plaintiffs, who were similarly situated to the policyholders in the case at bar, were denied coverage under their uninsured motorist policies because the decedent was not an insured and because the injuries referred to in the uninsured motorist policies sued on—and for which plaintiffs sought to recover damages—must be the injuries to an insured.[3]

We conclude that neither Mississippi's uninsured motorist statute nor its wrongful death statute mandates that policyholders be able to recover under their uninsured motorist policies for their damages resulting from the death of a third person. Policyholders' uninsured motorist coverage is triggered only when policyholders can col-

lect damages by reason of bodily injuries to or death of an insured, and not when they can collect damages by reason of a derivative legal claim on behalf of a third party decedent who is not an insured under the policy sued on.

Mrs. Delancey alternatively argues that *Pearthree v. Hartford Acc. & Indem. Co.,* 373 So.2d 267 (Miss.1979), held that the definition of "insured" under uninsured motorist provisions must be expanded to include persons entitled to damages under Mississippi's wrongful death statute. In *Pearthree,* however, plaintiff recovered only because decedent, whose death entitled plaintiff to damages under Mississippi's wrongful death statute, was herself an insured under the policy. Mrs. Delancey provides no support for her claim that Mississippi's wrongful death statute is intended to expand coverage provided by uninsured motorist provisions of automobile insurance policies.

2. *Uninsured Motorist Coverage of a Nonresident Relative*

▮ Mrs. Delancey alternatively claims that decedent was an insured under Mr. Delancey's insurance policy because decedent was his resident relative. The district court ruled that under *Gillespie* the decedent was not a *resident* relative of Mr. Delancey and therefore was not an insured under his insurance policy.[4] Mrs. Delancey challenges the district court's holding, asserting that a minor is considered a resident of both parents' households. Decisions in other states cited by Mrs. Delancey in which a minor child was deemed a resident of multiple households for insurance

---

**3.** The Mississippi Supreme Court has thus necessarily rejected the reasoning of *State Farm Mutual Automobile Ins. Co. v. Selders,* 187 Neb. 342, 190 N.W.2d 789 (1971), in which the Nebraska Supreme Court held that the father of three children who were not insureds under the father's uninsured motorist policy could nevertheless recover damages under that policy because he suffered injuries within the meaning of the uninsured motorist policy. *See also Motorist Mutual Ins. Co. v. Speck,* 59 Ohio App.2d 224, 393 N.E.2d 500 (1977).

**4.** Although Mr. Delancey's policy was issued in Alabama, the district court applied Mississippi

law. *See generally* 8C J. Appleman & J. Appleman, *Insurance Law and Practice* § 5067.25 (1981) (governing law is that of state where the insurance contract was made). The issue of the correctly applicable law was not raised by any party on appeal. We therefore do not address the issue except to note that Alabama law appears consistent with the holding in *Gillespie. See, e.g., Allstate Ins. Co. v. Alfa Mutual Ins. Co.,* 565 So.2d 179 (Ala.1990) (finding plaintiff's subrogor not to be "insured" in part because subrogor was not resident relative of policyholder).

purposes are factually dissimilar to the case at bar. *See Alava v. Allstate Ins. Co.,* 497 So.2d 1286 (Fla.Dist.Ct.App.1986) (minor lived with mother on weekdays and made regular, weekend visits to father); *Cal–Farm Ins. Co. v. Boisseranc,* 151 Cal. App.2d 775, 312 P.2d 401 (1957) (child lived with father over half the time and was injured while living with mother); *Miller v. United States Fidelity & Guaranty Co.,* 127 N.J.Super. 37, 316 A.2d 51 (1974) (child lived with mother on weekdays and father on weekends). The district court found that the decedent lived with no policyholder at any time during the year before the accident. There is no evidence that during that time decedent ever visited Mr. Delancey in Alabama. The cases relied on by Mrs. Delancey are therefore inapposite.

Mrs. Delancey claims that the district court's finding that Mr. Delancey's one year separation from Mrs. Delancey, with whom decedent resided, was not "temporary" represents an inaccurate determination of an ultimate fact and that this Court is therefore not bound by the clearly erroneous standard of review and may make its own independent determination as to this matter. Although this Court once reviewed findings of ultimate facts *de novo,* *see, e.g., Galena Oaks Corp. v. Scofield,* 218 F.2d 217 (5th Cir.1954), this standard no longer applies; "[t]he Supreme Court has levelled it." *Byram v. United States,* 705 F.2d 1418, 1422 (5th Cir.1983) (citing *Pullman–Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982)).

We will not reject a district court's findings of fact unless they are clearly erroneous. A finding is not clearly erroneous unless we are left with the "definite and firm conviction that a mistake has been committed." *Lewis v. Timco, Inc.,* 736 F.2d 163, 166 n. 2 (5th Cir.1984); *see United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). We hold that the district court's finding that decedent was not a resident relative of Mr. Delancey, or of any other policyholder, is not clearly erroneous.

**Conclusion**

We hold that policyholders cannot recover under the uninsured motorist provisions of their automobile policies for wrongful death damages unless the decedent is an insured within the terms of the policies. Decedent was not an insured under any policyholder's policy. Because policyholders are not entitled to insurance proceeds, there are no proceeds against which Mrs. Delancey could assert her claim.

The appeals of all plaintiffs other than Mrs. Delancey are dismissed for want of proper notice of appeal. The district court's judgment dismissing Mrs. Delancey's suit is affirmed.

DISMISSED in part; AFFIRMED in part.