Joseph V. MORALES, et al.,
Plaintiffs–Appellants,

v.

PAN AMERICAN LIFE INSURANCE
CO., et al., Defendants–Appellees.

No. 89–3578.

United States Court of Appeals,
Fifth Circuit.

Oct. 9, 1990.

Don M. Richard, Denechaud and Denechaud, New Orleans, La. and Gerald Wasserman, Bach, Kiefer, Wawserman & Schneider, Metairie, La., for plaintiffs-appellants.

Dermot S. McGlinchey, Eve Barrie Masinter and James M. Garner, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for defendants-appellees.

Before WISDOM, DAVIS, and BARKSDALE, Circuit Judges.

WISDOM, Circuit Judge:

Former employees of the Medicare Division of Pan–American Life Insurance Company, ("PALIC"), filed suit as a class action [1] against PALIC and the PALIC Employees' Retirement Plan ("Plan") to establish their rights to certain pension benefits and to recover those benefits from PALIC and the PALIC Plan. The plaintiffs allege unjust enrichment and third-party beneficiary claims as well as a claim that a partial termination occurred within the meaning of 26 U.S.C.A. § 411(d)(3) (West 1988) [2]

---

1. On May 27, 1987, the district court certified a class action as to those former employees who were nonvested participants in the PALIC Retirement Plan. The district court declined to certify the vested participants as a class.

2. 26 U.S.C.A. § 411(d)(3) states:

(3) Termination or partial termination; discontinuance of contributions.—Notwithstanding the provisions of subsection (a), a trust shall not constitute a qualified trust under section 401(a) unless the plan of which such trust is a part provides that—

which would entitle them to benefits under Section 15.03 of the PALIC Plan. The plaintiffs also alleged that the Pension Committee's decision to allow lump sum distributions of benefits for those participants with accrued benefits of less than $20,000 was arbitrary and capricious.

The district court dismissed the plaintiffs' claims on motion for a summary judgment. 718 F.Supp. 1297. This Court reviews a summary judgment using the same standard applied by the district court. *See Bache v. American Tel. & Tel.*, 840 F.2d 283, 287 (5th Cir.), *cert. denied*, 488 U.S. 888, 109 S.Ct. 219, 102 L.Ed.2d 210 (1988).

We hold that this Court has jurisdiction to hear the appeal of Joseph V. Morales only, and, with respect to his unjust enrichment and third party beneficiary claims, as well as his claim that the refusal of the Pension Committee to allow lump sum distributions to participants with benefits of more than $20,000 was arbitrary and capricious, the district court's judgment is AFFIRMED. Joseph V. Morales's claim that a partial termination occurred is dismissed for lack of jurisdiction.

## I. JURISDICTION—NOTICE OF APPEAL

█ This Court has a duty to determine *sua sponte* whether it has jurisdiction over any case before it. *See Griffith v. Johnston*, 899 F.2d 1427, 1429 (5th Cir. 1990). The notice of appeal in this case states, "Notice is hereby given that plaintiffs, Joseph V. Morales, et al., individually and as class representatives, hereby appeal...." Federal Rule of Appellate Procedure 3(c) requires that a notice of appeal "shall specify the party or parties taking the appeal." The United States Supreme Court has held that failing to name a party on a notice of appeal results in a failure of that party to appeal. *See Torres v. Oak-*

land Scavenger Co., 487 U.S. 312, 317–318, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988). Moreover, the phrase "et al." "utterly fails to provide" notice of the appellant's identity to the court or the opposing parties. *Torres*, 487 U.S. at 318, 108 S.Ct. at 2409; *see also Barnett v. Petro–Tex Chemical Corp.*, 893 F.2d 800 (5th Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 3274, 111 L.Ed.2d 784 (1990).

The Fifth Circuit has closely followed *Torres*, recognizing only four limited situations where the "et al." designation will satisfy the Fed.R.App.Pro. 3(c) notice requirement. (1) When only two parties have filed suit, the "et. al." designation will include the second party. *See Pope v. Mississippi Real Estate Comm.*, 872 F.2d 127, 129 (5th Cir.1989). (2) When the notice of appeal lists only the named plaintiff in a class action, the notice is sufficient. *See Rendon v. AT & T Technologies*, 883 F.2d 388, 398 n. 8 (5th Cir.1989). (3) When parents sue on their own behalf and on behalf of their children, "et al." will preserve the children's appeal. *See King v. Otasco Inc.*, 861 F.2d 438, 443 (5th Cir.1988). (4) When the notice of appeal defectively employs the "et al." designation, but when, within the 30 day deadline, plaintiffs file a "Memorandum in Support of Appellants' Motion for Injunction Pending Appeal" listing all plaintiffs to the original action, plaintiffs will have cured the original defect and preserved all parties' right to appeal. *See Brotherhood of Ry. Carmen v. Atchison, T. & S.F. Ry.*, 894 F.2d 1463, 1465 (5th Cir.1990); *Warfield v. Fidelity and Deposit Co.*, 904 F.2d 322, 325 (5th Cir.1990). *See also Griffith v. Johnston*, 899 F.2d at 1430. This case before us does not fit any exception to the general rule.

█ The district court certified the class of 62 non-vested employees of PALIC but

(A) upon its termination or partial termination, or
(B) in the case of a plan to which section 412 does not apply, upon complete discontinuance of contributions under the plan, the rights of all affected employees to benefits accrued to the date of such termination, partial termination, or discontinuance, to the extent funded as of such date, or the amounts

credited to the employees' accounts, are nonforfeitable. This paragraph shall not apply to benefits or contributions which, under provisions of the plan adopted pursuant to regulations prescribed by the Secretary to preclude the discrimination prohibited by section 401(a)(4), may not be used for designated employees in the event of early termination of the plan.

did not certify the six vested employees as a class. Joseph V. Morales, the named appellant, is a vested employee, and, as such, his appeal is properly before this Court. Since no class of vested employees was certified, however, Morales cannot be considered a class representative of the other vested employees in order to include their appeals under the "et al." designation. *See Torres*, 487 U.S. at 318, 108 S.Ct. at 2409; *Rendon*, 883 F.2d at 398 n. 8. Consequently, this Court has no jurisdiction to hear appeals by the unnamed vested employees, as to both their claims under federal common law and their claims as to the lump sum benefits.

Joseph V. Morales, a vested employee, is not the designated class representative of the non-vested employees of PALIC. Consequently, the notice of appeal is not sufficient to designate any members of the certified class of non-vested employees as appellants. *See Torres*, 487 U.S. at 318, 108 S.Ct. at 2409; *Rendon*, 883 F.2d at 398 n. 8. We hold that the Court has jurisdiction over the appeal of Joseph V. Morales only; the claims of the other vested employees as well as the class of nonvested employees of PALIC are not properly before this Court.

## II. STATEMENT OF FACTS

From 1966 until 1984, PALIC had an agreement with the United States Department of Health and Human Services ("HHS") to administer HHS's Medicare Program in Louisiana. Under the contract, HHS reimbursed PALIC for costs incurred in the administration of the program, including pension contributions. When the contract terminated, the PALIC Medicare Division was disbanded, and most of the employees were laid off or retired. The non-vested employees [3] did not receive any benefits. The vested employees were entitled to a paid up deferred annuity contract payable at age 65 or, if their accrued benefits had a present value of $5,000 or less, they had the option of receiving their benefits in a lump sum. In April 1985, the PALIC Pension Committee voted to offer a lump sum benefit to vested participants whose accrued benefits had a present value of $20,000 or less. Morales alleges that the Pension Committee's decision to limit the lump-sum option to participants whose accrued benefits were $20,000 or less was arbitrary and capricious, entitling him to remedies under ERISA, 29 U.S.C. § 1132(a) (1982).[4]

Morales also claims that PALIC and the Plan have been unjustly enriched by virtue of the termination of the Medicare Division and that, as a third-party beneficiary of the contract between PALIC and HHS, he is entitled to the profit.[5]

## III. UNJUST ENRICHMENT AND THIRD PARTY BENEFICIARY CLAIMS

 Morales contends that his unjust enrichment and third party beneficiary claims are federal common law claims. If these claims were based on Louisiana law, they would be preempted. *See Pilot Life Ins.*

---

3. The PALIC Plan provides that employees become fully vested after completing 10 years of employment at PALIC. Any employee who leaves PALIC's employ prior to attaining 10 years is considered non-vested which indicates that any amounts credited to the employee's pension account are forfeitable.

4. 29 U.S.C. § 1132(a) states:
 A civil action may be brought—
 (1) by a participant or beneficiary—
 (A) for the relief provided for in subsection (c) of this section, or
 (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
 \* \* \* \* \* \*
 (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; . . . .

5. At the time appellant filed his amended complaint, HHS completed an audit which indicated that HHS had overpaid PALIC's pension costs by $2,678,135. HHS's action to recover this overpayment was pending in the Claims Court at the time of this appeal.

*Co. v. Dedeaux,* 481 U.S. 41, 55–57, 107 S.Ct. 1549, 1557–58, 95 L.Ed.2d 39 (1987).

■ Although some of the drafters of ERISA intended federal courts to develop a federal common law to supplement the statutory scheme,[6] we agree with the district court that creation of a federal common law of unjust enrichment and third-party beneficiary claims would be inconsistent with ERISA's terms and policies. *See also Lea v. Republic Airlines, Inc.,* 903 F.2d 624, 632 (9th Cir.1990). ERISA's civil enforcement provision creates an exclusive remedial scheme focusing on the terms of the plan. *See* 29 U.S.C. § 1132(a) (1982); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. at 54, 107 S.Ct. at 1556. In addition, there is no provision in § 1132 or elsewhere for quasi-contractual damages. *See Bishop v. Osborn Transp., Inc.,* 838 F.2d 1173, 1174 (11th Cir.), *cert. denied,* 488 U.S. 832, 109 S.Ct. 90, 102 L.Ed.2d 66 (1988); *see also Mass. Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 147, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985).

■ Furthermore, ERISA does not provide for quasi-contractual rights upon termination of a plan. The United States Supreme Court recently held that ERISA's provision governing allocation of plan assets upon termination, 29 U.S.C. § 1344(a), entitles participants to accrued benefits only in accordance with the terms of the plan; any residual assets may revert to the employer. Participants are not entitled to benefits not accrued at the time of termination. *See Mead Corp. v. B.E. Tilley,* —— U.S. ——, 109 S.Ct. 2156, 104 L.Ed.2d 796 (1989).

■ In this case, there is no contractual or statutory entitlement to surplus funds. Any surplus that may exist was not created by employee contributions. No statutory purpose would be served by creation of a

federal common law of unjust enrichment and third-party beneficiary claims.

For these reasons and because of those expressed by the district court, the summary judgment dismissal is AFFIRMED.

## IV. PARTIAL TERMINATION

The claim that the district court erred in finding that the closing down of the Medicare Division did not constitute a partial termination affects only the non-vested employees of PALIC.[7] Because, as we have emphasized, Joseph V. Morales was a vested employee, he is not the proper party to bring this appeal before this Court. This claim is DISMISSED.

## V. LUMP–SUM OPTION

■ Generally, under ERISA, a trustee's actions are "reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80, 95 (1989). If the administrator or fiduciary has discretionary authority, the reviewing court should apply an abuse of discretion standard. *Id; see also Lowry v. Bankers Life & Casualty Retirement Plan,* 871 F.2d 522 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 152, 107 L.Ed.2d 111 (1989). Courts which have held that particular ERISA plans granted enough discretion to the administrators of the plans to merit review under an abuse of discretion standard have made this determination based upon the language of the plan before them. In *Batchelor v. International Bhd. of Elec. Workers Local 861,* 877 F.2d 441, 442 (5th Cir.1989), this Court found a sufficient grant of discretion where the plan gave the trustees "full and exclusive authority to determine all questions of coverage and eligibility ... [and] full power to construe the provisions." *See*

---

6. See 120 Cong.Rec. 29,942 (remarks of Sen. Javits).

7. In the case of a partial termination, 29 U.S.C. § 1344(a) and 26 U.S.C. § 411(d) require an allocation of assets among the nonvested employees to the extent of their accrued benefits.

*also Moon v. American Home Assur. Co.,* 888 F.2d 86, 88 (11th Cir.1989).

 The PALIC plan document grants the Pension Committee discretion to construe the Plan, to determine eligibility, to authorize all disbursements, to compute the amount of benefits, and to perform such other duties as required by the Plan. The Plan also allows the Pension Committee to "offer, in its discretion, forms of benefit payments for any benefit payable under this Plan in addition to any of those specified in this Plan." The Pension Committee's actions should be reviewed under an abuse of discretion standard in accordance with *Firestone v. Bruch* and *Batchelor.* Morales contends that the disbursement of benefits was not in accord with the Plan documents since the Pension Committee amended the PALIC Plan to provide a lump sum option to a larger class of participants. We hold that the Pension Committee's decision to offer the lump-sum payment to vested participants whose accrued benefits amounted to $20,000 or less was not an abuse of discretion and AFFIRM the district court.

ERISA does not require that participants in a plan be offered a lump-sum payment option. *Pompano v. Michael Schiavone & Sons, Inc.,* 680 F.2d 911, 914 (2d Cir.), *cert. denied,* 459 U.S. 1039, 103 S.Ct. 454, 74 L.Ed.2d 607 (1982). Nor is there any provision in the plan that entitles participants to a lump-sum option, or anything other than an annuity. Where the administrator of the plan has discretion to determine the form of benefits, the exercise of that authority in a non-abusive manner should not be overturned. *Batchelor,* 877 F.2d at 442–43.

For the reasons stated in this opinion, as well as the reasons given by the district court, we AFFIRM.