**Abdul Muhammad SAMAAD,**
**Plaintiff–Appellant,**

v.

**CITY OF DALLAS, et al.,**
**Defendants–Appellees.**

No. 90–1099.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1991.
Rehearing Denied Jan. 31, 1991.

Neil H. Cogan, Dallas, Tex., for plaintiff-appellant.

Thomas P. Brandt, Asst. City Attys., Dallas, Tex., for City of Dallas.

Marston Alexander, Dallas, Tex., for State Fair of Texas and Waldrop.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

The City of Dallas, one of the appellees in this case, moves to dismiss the instant appeal for want of jurisdiction. We conclude that we have jurisdiction only as to appellant Abdul Samaad; we dismiss the appeals of the remaining appellants.

## I.

The pertinent chronological facts are as follows: On January 12 (all dates being in 1990), the district court entered a judgment dismissing plaintiffs' 42 U.S.C. § 1983 claims with prejudice and their state law claims without prejudice. 733 F.Supp. 239. On January 22, the plaintiffs filed a Motion To Allocate Costs, citing Fed.R.Civ.P. 54(d) and asking the court to require each party to bear its own costs.

On February 9, plaintiffs' counsel filed a notice of appeal from the January 12 judgment. The caption of the notice showed "ABDUL MUHAMMAD SAMAAD, et al.," as "Plaintiffs," and the body of the notice stated that "Plaintiffs hereby appeal," without naming any plaintiff.

On February 22, plaintiffs filed a Motion To Amend Judgment and Extend Time To Appeal, which asked the court to amend the January 11 judgment to substitute the estates of plaintiffs who had died. On August 6, the district court filed an "Order Regarding Costs Motions," which granted plaintiffs' motion in part and gave specific directives as to the taxing of costs to the various parties. On August 14, plaintiffs filed a Motion To Enter Final Judgment, asserting that the motion to allocate costs filed on January 22 was a motion under Fed.R.Civ.P. 59(e) and that, having acted upon that motion on August 6, the court should enter another "final judgment."

On September 4, plaintiffs' attorney filed a second notice of appeal. Its caption listed every appellant by name; the body of the notice stated that the plaintiffs were appealing from the order of August 6.

On September 6, the district court entered an Order Denying Motion To Amend Judgment and Denying Motion To Enter Final Judgment. The court concluded that it was without jurisdiction to amend the judgment by virtue of the notice of appeal filed on February 9 and that the motion to allocate costs was not a rule 59(e) motion and hence did not vitiate the February 9 notice of appeal.

On October 4, plaintiffs' attorney filed a third notice of appeal, listing every appellant in the caption. The notice is self-described as a protective notice, filed in the event that the court of appeals should determine that the orders of August 6 and September 6 were entered pursuant to rule 59(e).

## II.

Initially we must determine whether the operative notice of appeal, for purposes of our jurisdiction, is the notice of February 9. We answer that question in the affirmative.

■ It is now beyond cavil that a motion for costs is not a rule 59 motion and hence does not render ineffective a notice of appeal filed prior to the disposition of the motion for costs. Consequently, the January 22 motion to allocate costs was not a rule 59 motion and did not disturb the finality of the January 12 judgment; the February 9 notice of appeal operated to appeal the January 12 judgment and was not rendered inoperative by the pendency of the January 22 motion or by the August 6 order regarding costs.

In *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268–69, 108 S.Ct. 1130, 1131–32, 99 L.Ed.2d 289 (1988), the Court held that a motion for costs under Fed.R.Civ.P. 54(d) "does not seek 'to alter or amend the judgment' within the meaning of rule 59(e)." The Court addressed the issue in the context of the Death on the High Seas Act, 46 U.S.C.App. § 761 *et seq.*, which does not contain its own provision for costs. The Court noted that "a different issue may be presented if expenses of this sort were provided as an aspect of the underlying action," *id.* at 268, 108 S.Ct. at 1132, and noted the pendency of another case presenting the issue of whether a different rule applies where attorneys' fees are pro-

vided for, not independently as by, e.g., 42 U.S.C. § 1988, but "as an aspect of the underlying action." 485 U.S. at 267–68, 108 S.Ct. at 1131–32.

In that then-pending case, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), the Court decided the issue that it had reserved in *Buchanan* and held that a judgment is final irrespective of the pendency of attorneys' fees and that the rule is the same regardless of whether the fees are part of the merits award or are an entitlement conferred by an independent statutory provision:

> In short, no interest pertinent to § 1291 is served by according different treatment to attorney's fees deemed part of the merits recovery; and a significant interest is disserved.... Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case.

*Id.* at 202–03, 108 S.Ct. at 1722.

Here, the appellants argue that their motion to allocate costs "did truly seek an amendment or alteration of the judgment, which carried with it an automatic award of costs against Appellants and to Appellees, the judgment-winners. *See* [rule] 54(d)." But the opinion in *Budinich* makes it plain that a motion to allocate costs is not deemed a rule 59 motion, irrespective of whether the merits award incorporates an automatic award of costs.

■ Appellants, who make no reference to *Budinich*, also suggest that *Buchanan* is distinguishable in that it deals with attorneys' fees rather than costs. But in *Echols v. Parker*, 909 F.2d 795, 799 (5th Cir.1990), we have held, citing *Buchanan*, that "a motion for § 1988 attorney's fees should be treated as a motion for costs under [rules] 54(d) and 58." *Accord Associated Builders & Contractors, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 381 (5th Cir. 1990). Hence, ordinary costs and attor-

neys' fees are treated similarly, as collateral matters, for purposes of finality.

We observe as well that *Echols* dismisses the distinction that the instant appellants attempt to draw between original and supplemental costs motions. The distinction "is inconsequential." *Echols, id.* (citing *Cruz v. Hauck*, 762 F.2d 1230, 1236 (5th Cir.1985)).

Finally, the appellants assert that the instant case is distinguishable from *Buchanan* and *Echols* in that in those cases, the post-judgment motion was filed by the judgment-winner, while here the motion to allocate costs was filed by the loser. As the appellants properly observe, the Court in *Buchanan* limited its inquiry to "whether a *prevailing* party's motion for costs constitutes a Rule 59 motion." 485 U.S. at 266, 108 S.Ct. at 1130 (emphasis added). The Court noted that "[u]nder Rule 54(d), the 'prevailing party' automatically is entitled to costs 'unless the court otherwise directs.'" *Id.* at 268, 108 S.Ct. at 1131. Hence, "[a]ssessment of such costs does not involve reconsideration of any aspect of the decision on the merits." *Id.*

Plainly, the Court was carefully limiting its holding to the narrow issue before it. But later, in *Budinich*, the Court made it patent that a motion for costs or attorneys' fees is not to be deemed a rule 59 motion, even where the cost or fee award might be viewed as an integral part of the merits. "[W]hat is of importance here is not preservation of conceptual consistency in the status of a particular fee authorization as 'merits' or 'nonmerits,' but rather preservation of operational consistency and predictability in the overall application of § 1291." *Budinich*, 486 U.S. at 202, 108 S.Ct. at 1721. As a consequence, even if, as appellants contend, a costs motion by a judgment-loser conceptually opens up the merits award where a costs motion by a judgment-winner would not, neither sort of motion can be a rule 59 motion under *Budinich*.

■ In summary, therefore, appellants' motion to allocate costs does not vitiate the notice of appeal filed after the filing of the costs motion but before a ruling thereon.

The February 9 notice of appeal is the operative notice of appeal in this matter, and we now must examine that notice as to its sufficiency.

### III.

The appellees argue that in light of *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), appellants' notice of appeal is insufficient to invoke appellate jurisdiction as to any of the appellants. We agree in part and hold that the notice is sufficient only as to appellant Abdul Samaad.

### A.

■ As we have described it, the February 9 notice of appeal contains a caption showing "Abdul Muhammad Samaad, et al., Plaintiffs"; the body of the notice states, "Notice is hereby given that Plaintiffs hereby appeal...." In *Torres*, the Court held that "[t]he use of the phrase 'et al.[ ]' ... utterly fails to provide ... notice ... of the identity of the ... appellants." *Id.* at 318, 108 S.Ct. at 2409. "Thus, the Court of Appeals ... never had jurisdiction over petitioner's appeal." *Id.* at 317, 108 S.Ct. at 2409.

We have followed *Torres* carefully and have dismissed the appeals of individual appellants not named in the notice of appeal. *See, e.g., Delancey v. State Farm Mut. Auto. Ins. Co.*, 918 F.2d 491, 493 (5th Cir.1990) (use of "et al." insufficient); *Morales v. Pan Am. Life Ins. Co.*, 914 F.2d 83, 85 (5th Cir.1990) (same).[1] The Appellants contend that the "et al." problem is cured by the statement in the notice that "Plaintiffs hereby appeal." However, that argument was squarely rejected in *Morales*. There, we held that the notice was effective only as to the named appellant where the notice read, "Notice is hereby given that plaintiffs, Joseph V. Morales, et al., individually and as class representatives, hereby appeal...." *Id. Accord McLemore v. Landry*, 898 F.2d 996, 1000 n. 6 (5th Cir.) ("This case demonstrates the problem inherent in assuming that a generic designation ['River Villa, a Partnership, and the respective individual partners therein'], without more, automatically covers all persons ostensibly aligned on one side of litigation."), *cert. denied,* —— U.S. ——, 111 S.Ct. 428, 112 L.Ed.2d 412 (1990).

Appellant's counsel in the case *sub judice* was also appellant's counsel in *Griffith v. Johnston*, 899 F.2d 1427 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991). There, as here, "et al." was used to designate additional appellants in the notice of appeal. Relying upon *Torres* and its progeny in this circuit, we held that "[a]n appellate court lacks jurisdiction over an intended appeal by parties other than those named in the notice." *Id.* at 1430.

■ Curiously, counsel now urges us to conclude "that the *Griffith* panel's decision was not correct and, if correct, should not be applied to this case." This request is remarkable in light of the well-known and long-standing rule of decision in this circuit that one panel cannot overrule another.[2] We are bound by *Griffith* and similar opinions issued before and since and could not overrule them even if (which we do not believe) they incorrectly interpreted *Torres.*[3]

**1.** *Accord Baylor v. United States Dep't of Housing & Urban Dev.*, 913 F.2d 223, 224 (5th Cir. 1990); *Hendrix v. City of Yazoo City*, 911 F.2d 1102, 1103 (5th Cir.1990).

**2.** *See, e.g., United States v. Don B. Hart Equity Pure Trust*, 818 F.2d 1246, 1250 (5th Cir.1987); *Young v. Biggers*, 816 F.2d 216, 217 (5th Cir.), *on rehearing*, 820 F.2d 727 (5th Cir.1987) (per curiam); *Autry v. Estelle*, 706 F.2d 1394, 1401 (5th Cir.1983); *United States v. Chanya*, 700 F.2d 192, 194 (5th Cir.1983), *cert. denied*, 466 U.S. 943, 104 S.Ct. 1925, 80 L.Ed.2d 471 (1984); *Broussard v. Southern Pac. Transp. Co.*, 665 F.2d 1387, 1389 (Former 5th Cir.1982) (en banc); *Howard v. Gonzales*, 658 F.2d 352, 359 (5th Cir. Unit A Oct. 1981); *Cavett v. Ellis*, 578 F.2d 567, 569 (5th Cir.1978); *Manning v. M/V "Sea Road,"* 417 F.2d 603, 611 n. 10 (5th Cir.1969).

**3.** It is not evident why, in light of the plain holding in *Torres*, this counsel, who is a professor of law, persists in utilizing "et al." in his notices of appeal. The February 9, 1990, notice in the instant case was filed more than one and one-half years after *Torres* was decided; the notice in *Griffith* likewise was filed in the wake of *Torres*. Perhaps counsel is testing the outer

Accordingly, and by virtue of the well-established jurisprudence of this circuit, we are without jurisdiction as to any appellant except, arguably, Abdul Samaad.[4] We examine his status in the next section.

### B.

█ The City of Dallas contends that the notice of appeal is ineffective even as to Mr. Samaad, as the notice "fails to name a single Plaintiff by name in the body of the notice." This assertion is wholly without merit.

In *Barnett v. Petro–Tex Chem. Corp.*, 893 F.2d 800, 805 (5th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 3274, 111 L.Ed.2d 784 (1990), we held that a notice of appeal was effective as to an appellant named in the caption, where the body of the notice referred to "Plaintiffs above-named." The only distinction between *Barnett* and the instant case is that here, the notice refers to "Plaintiffs," not "Plaintiffs above-named." But as the caption here states "Abdul Muhammad Samaad, et al., Plaintiffs," the reference, in the body, to "Plaintiffs" amply includes Mr. Samaad for purposes of *Torres*.

In summary, we conclude that the operative notice of appeal, which is the February 9 notice, is effective only as to appellant Abdul Samaad; we are without jurisdiction as to the other purported appellants. The motion to dismiss the appeal in No. 90–1099 is DENIED with respect to Abdul Samaad and GRANTED with respect to all other appellants.

---

limits of *Torres* for some jurisprudential or scholarly reason, but if so it appears that he is placing his clients in some jeopardy. *Cf. Hendrix v. City of Yazoo City,* 911 F.2d at 1103 (no harm to clients from *Torres* defect where clients would have lost on statute-of-limitations issue anyway).

**4.** One result of this determination is that, as the sole appellant, Mr. Samaad would be liable for any costs or sanctions that might be imposed. *See Torres,* 487 U.S. at 318, 108 S.Ct. at 2409.