## DEVILLE NURSING SERVICE, INC.

### v.

## METROPOLITAN LIFE INSURANCE CO.

### Civ. A. No. 90-0707.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

April 14, 1992.

Henry Liles, Lake Charles, La., for plaintiff.

Richard McCormack, Montgomery, Barnett, Brown, Read, Hammond and Mintz, New Orleans, La., for defendants.

## MEMORANDUM RULING GRANTING MOTION FOR SUMMARY JUDGMENT

EDWIN F. HUNTER, Jr., Senior District Judge.

Pending for determination is a Motion for Summary Judgment filed by defendants, Chevron Corporation Medical Plan and Chevron Corporation Medical Plan Organization. In a letter of April 8, 1992, plaintiff states that they have no response to the Motion for Summary Judgment, except to state that, based upon the evidence submitted with defendants' Motion, there is a genuine issue of material fact and should therefore be denied. For the below reasons, the Motion is granted.

### FACTS

The following statement of uncontested material facts is correct.

1. Chevron Corporation Medical Plan (the "Plan") was established by Chevron Corporation ("Chevron") to provide health care benefits to employees and eligible retirees who elect to participate in the Plan and to their covered dependents.

2. The Plan is administered and maintained pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 et seq. ("ERISA").

3. The Plan is not insured but is funded by Chevron and Chevron employee contributions.

4. Metropolitan Life Insurance Company ("Metropolitan") is the Claims Administrator for the Plan.

5. As Claims Administrator, Metropolitan is responsible for the initial process and review of claims under the Plan but does not insure the benefits paid.

6. Under the Plan, Chevron Corporation Medical Plan Organization (the "Organization") is the designated Plan Administrator and, as such, has full, exclusive and discretionary authority to control and manage the administration and operation of the Plan and to construe the terms of the Plan and determine all issues relating to coverage and eligibility for benefits.

7. In carrying out its responsibilities, the Organization has delegated to a Review Panel the full discretionary authority to determine benefit eligibility and interpret Plan provisions with respect to any appeal from a denial of benefits under the Plan, including a denial of benefits by the Plan's Claims Administrator, Metropolitan.

8. All decisions rendered by the Review Panel regarding appealed claims are deemed final and binding upon all persons, including the Organization as Plan Administrator.

9. Beginning on February 15, 1989, and continuing through March 28, 1989, William F. Martin ("Mr. Martin"), a former employee and a Plan participant, received in-home nursing services from Deville Nursing Service, Inc. ("Deville").

10. Claims for payment for Deville's services were made to Metropolitan, the Plan's Claims Administrator.

11. Upon receiving and reviewing nursing notes submitted by Deville documenting the services rendered Mr. Martin between February 15, 1989 and March 20, 1989, and letters submitted by Mr. Martin's treating physician, Dr. Alexandre L. Slatkin, Metropolitan determined that the services rendered by Deville were not medically necessary nursing services for

the treatment of a sickness or injury performance by skilled nurses only. Rather, Metropolitan concluded that the services provided to Mr. Martin were custodial in nature and therefore excluded under the specific terms and conditions of the Plan.

12. Deville, as assignee of Mr. Martin's rights under the Plan, brought suit against the Plan and the Organization, alleging that the denial of Mr. Martin's benefits and the refusal by the Plan to pay Deville for services rendered from February 15, 1989 through March 20, 1989 was "arbitrary and capricious, and unsupported by substantial evidence and founded on an erroneous interpretation of the law and the Plan, itself."

13.. Deville was subsequently notified that a Review Panel was being appointed by the Organization for the purpose of reviewing the denied claim.

14. The Review Panel appointed to consider the appeal of the claim included a medical doctor on Chevron's Medical Staff and two (2) Chevron Human Resources Department employees.

15. Deville was given an opportunity to submit additional information or documentation that it considered helpful in assigning the Review Panel in making its review.

16. Deville submitted as additional information a transcript of the deposition of Dr. Alexandre L. Slatkin, Mr. Martin's treating physician, whose deposition was taken on September 13, 1991.

17. Upon reviewing the nurses's notes, Dr. Slatkin's letters, Dr. Slatkin's deposition testimony, as well as other documentation and other correspondence, the Review Panel, on or about October 18, 1991, rendered its decision, affirming Metropolitan's denial of Mr. Martin's (and Deville's) claim for benefits.

18. On October 23, 1991, the Organization, as Plan Administrator, notified Deville (and Mr. Martin) of the Review Panel's decision.

## LAW AND ARGUMENT

ERISA comprehensively regulates employee welfare benefit plans that provide benefits in the event of sickness or disability. It preempts state laws regulating the processing of claims for benefits under ERISA–regulated benefit plans. 29 U.S.C. § 1001(b); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

The appropriate standard of judicial review regarding actions challenging a denial of benefits under an ERISA plan is defined in *Firestone Tire and Rubber Company v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

Noting that "ERISA abounds with the language and terminology of trust law," the Supreme Court held that if the "... benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," judicial review shall be limited to the more deferential "abuse of discretion" standard. *Id.* at 110–115, 109 S.Ct. at 954–56. *See also Morales v. Pan Am. Life Ins. Co.*, 914 F.2d 83, 87–88 (5th Cir.1990).

The plan here gives the administrator or fiduciary full discretionary authority to determine eligibility for benefits. Specifically, Sections 11(b), 14(a) and (e) of the Plan provide:

*Section 11. Administration and Operation of the Plan*

(b) *Administration Power and Responsibility.* The Organization is the named fiduciary that has the authority to control and manage the administration and operation of the Plan. The Organization shall prescribe such forms, make such rules, regulations, interpretations and computations and shall take such other action to administer the Plan as it may deem appropriate....

\*    \*    \*    \*    \*    \*

*Section 14. Review Procedure*

(a) *Named Fiduciary.* Upon receipt of a request for a review of a denied claim, the Organization shall appoint a Review Panel that shall consist of three

or more individuals. The Review Panel shall be the named fiduciary that has the authority to act with respect to any appeal from a denial of benefits under the Plan.

\* \* \* \* \* \*

(e) *Review Panel Rules and Procedures.* The Review Panel shall establish such rules and procedures, consistent with the Plan and with ERISA, as it may deem necessary or appropriate in carrying out its responsibilities under this Section 14....

■ Under ERISA, a named fiduciary may delegate its fiduciary responsibilities:

The instrument under which a plan is maintained may expressly provide for procedures ... (B) for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan.

ERISA, 29 U.S.C. § 1105(c)(1) (1988).

■ Our review under the abuse of discretion standard is a narrow one.[1] Specially,

.... to the extent to which the [fiduciary] has discretion, the court will not control his exercise of it as long as he does not exceed the limits of the discretion conferred upon him. The court will not substitute its own judgment for his ... so long as he acts not only in good faith and from proper motives, but also within the bounds of a reasonable judgment....

See 3 W. Fratcher, *Scott on Trusts*, § 187 (4th ed. 1988).

■ The language of the plan excludes custodial care. Specially, Sections 7(f) and 8(m) of the Plan state as follows:

*Section 7. Charges Covered By the Plan*

"Covered Charges" means charges that are Reasonable, Customary and Necessary and that result from treat-

ment while under the care and direction of a Doctor. Covered charges include the following...:

(f) *Nursing Services.* The charges for medically necessary Registered Nurse (R.N.), Licensed Vocational Nurse (L.V.N.), or Licensed Practical Nurse (L.P.N.) nursing care prescribed by a Doctor in or out of a Hospital or Skilled Nursing Facility. Custodial care is excluded.

*Section 8. Charges Not Covered By the Plan*

"Covered charges" do not include charges for services, supplies or treatments that are:

(m) Consisting of custodial or nonrehabilitative educational care.

The Review Panel interpreted the aforementioned Plan Sections, together with a thorough examination of DeVille's nursing notes, Dr. Slatkin's letters, as well as additional documentation submitted by DeVille, and concluded, as did Metropolitan, that the services rendered by DeVille to Mr. Martin were custodial and not medically necessary, and therefore excluded from reimbursement under the plan.

The evidence before the Review Panel reveals that the nursing services recommended by Mr. Martin's doctor and provided by DeVille simply consisted of monitoring and assisting Mr. Martin in his activities of daily living. Such custodial services do not warrant the expertise and expense of a skilled nurse. These services could be performed adequately by an aide, attendant or family member.

## CONCLUSION

The decision by Metropolitan (and the Review Panel) that the services rendered by DeVille to Martin were custodial and not medically necessary and therefore excluded from reimbursement was not arbi-

---

**1.** See *Fuller v. CBT Corp.*, 905 F.2d 1055, 1058 (7th Cir.1990) (trustees' denial of medical benefits could not be overturned unless there was an abuse of discretion—"which is to say, that [the trustees] were not just clearly incorrect but downright unreasonable"); *Nunez v. Louisiana Benefit Comm.*, 757 F.Supp. 726, 734 (E.D. La.

1991) ("Under an abuse of discretion standard of review, the decision of the [fiduciary] is accorded deference and should be reversed only upon a finding that it was 'manifestly erroneous,' i.e., when the reviewing court finds that there has been a clear error in judgment.").

trary or capricious and was supported by substantial evidence. There are no material disputed facts. The denial of DeVille's claim was not "manifestly erroneous", but rather a reasonable and rational result required in the consistent administration of the Plan. (see affidavit of Carol Castellini, dated February 24, 1992); see also *Bruch*, 489 U.S. at 111, 109 S.Ct. at 954.

The Motion for Summary Judgment is GRANTED. DeVille's suit against the Plan and the Organization is dismissed.