United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2004**

Charles R. Fulbruge III
Clerk

REVISED SEPTEMBER 13, 2004

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

03-41237

—————————————

MOODY NATIONAL BANK OF GALVESTON,

Plaintiff-Appellant,

Versus

GE LIFE AND ANNUITY ASSURANCE COMPANY,

Defendant-Appellee.

—————————————

Appeal from the United States District Court
for the Southern District of Texas

—————————————

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Plaintiff, Moody National Bank of Galveston (Moody), filed the instant suit against GE Life and Annuity Assurance Company (GE) seeking to recover the proceeds of a life insurance policy issued by GE to Moody's creditor, Schwartz, Inc.  GE argues that Moody's appeal was not timely and seeks to dismiss this appeal for want of jurisdiction.  Because Moody did not file a timely notice of appeal, we conclude that we do not have jurisdiction to consider the appeal.

-1-

On June 30, 2003, the district court granted GE's motion for summary judgment and entered final judgment in favor of GE. In the last sentence of its final judgment, the district court sua sponte ordered each party to pay its own costs and attorney's fees. On July 14, 2003, GE filed a motion styled "Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e)." The only relief GE sought in the motion was to have the court tax all costs, including GE's against Moody Bank. The district Court denied GE's motion on July 30, 2003. Moody filed a Notice of Appeal on August 27, 2003.

## II.

A timely filed notice of appeal is an absolute prerequisite to this court's jurisdiction. *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978). Generally, to be timely, a notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered. Fed.R.App.P. 4(a)(1)(A).[1] However, a timely filed Rule 59(e) motion to amend or reconsider will toll the time for filing an appeal until the district court disposes of the motion. Fed.R.App.P.

---

[1] Fed.R.App.P. 4(a)(1)(A) provides:

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

4(a)(4)(A)(iv).[2] Motions addressing costs and attorney's fees, on the other hand are generally made pursuant to Rule 54, are considered collateral to the judgment, and do not toll the time period for filing an appeal.  Fed.R.Civ.P 54(d).[3]

Moody argues that even though the only relief GE sought in its motion was that all costs be assessed against Moody, it was nevertheless a Rule 59(e) motion to alter or amend.  Moody contends that this is true because the district court's ruling that each party should bear its own costs and attorney's fees was included in the final judgment.  Moody argues that under *Ramsey v. Colonial Life Ins. Co. of America*, 12 F.3d 472 (5th Cir. 1994), where the

---

[2] Fed.R.App.P. 4(a)(4)(A)(iv) provides, in pertinent part:

> (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> *   *   *
>     (iv) to alter or amend the judgment under Rule 59.

[3] Fed.R.Civ.P. 54(d) provides, in pertinent part:

(1) Costs Other than Attorneys' Fees.  Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]

(2) Attorneys' Fees.
    (A) Claims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

-3-

district court makes costs part of a final judgment, a post-judgment motion to alter those costs will be characterized as a Rule 59(e) motion and toll the time limit for filing an appeal.

As an initial matter, it is important to make clear that the fact that GE labeled its motion as a Rule 59(e) motion to alter or amend is immaterial; a motion's substance, and not its form, controls. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)(en banc). Thus, the only question is whether a motion to allocate costs, that would otherwise be characterized as a Rule 54(d) motion, becomes a Rule 59(e) motion to alter or amend where the district court awarded costs as part of its final judgment.

In *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196 (1988), the Supreme Court was faced with the question of whether a post-judgment motion for attorney's fees should be considered a Rule 59(e) motion where the fees are authorized by the statute sued upon. *Budinich*, 486 U.S. at 201. The plaintiff argued that because the statute authorized attorney's fees, his motion for fees was a request to alter the judgment rather than a collateral request for fees under Rule 54(d). Rejecting this argument, the Court first pointed out the collateral nature of an award of attorney's fees:

> As a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action.

-4-

*Budinich*, 486 U.S. at 200.  The Court continued, explaining that any attempt to distinguish between the merits or non-merits of an award of fees that did not themselves give rise to the action would not be beneficial:

> [N]o interest pertinent to [finality] is served by according different treatment to attorney's fees deemed part of the merits recovery[.] . . . The time of appealability, having jurisdictional consequences, should above all be clear.  We are not inclined to adopt a disposition that requires the merits or nonmerits status of each attorney's fee provision to be clearly established before the time to appeal can be clearly known.  Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a "final decision" for purposes of [28 U.S.C.] § 1291[.]

*Id*. 486 U.S. at 202.

This court was faced with a situation similar to *Budinich* in *Samaad v. City of Dallas*, 922 F.2d 216 (5th Cir. 1991).  In *Samaad*, the plaintiffs' counsel filed a post-judgment motion to allocate costs.  Plaintiffs' counsel also filed a notice of appeal within thirty days of entry of the district court's judgment; however, the appeal only named the lead plaintiff.  Following the district court's order granting the motion for costs, the plaintiffs filed an amended notice of appeal which listed all remaining plaintiffs by name.  Relying on *Budinich*, this court concluded that it only had jurisdiction to hear the appeal of the lead plaintiff because the amended notice of appeal was untimely.  In reaching this conclusion, we pointed out that *Budinich* "made it patent that a

-5-

motion for costs or attorney's fees is not to be deemed a Rule 59 motion, even where the cost or fee award might be viewed as an integral part of the merits." *Id*. at 218.

Subsequent to *Samaad*, this court decided *Ramsey v. Colonial Life Ins. Co. of America*, 12 F.3d 472 (5th Cir. 1994), which Moody argues supports its contention that GE's motion was in fact a Rule 59(e) motion.

In *Ramsey*, an injured insured sued his insurer after the insurer refused to continue paying his medical bills. Plaintiff moved for summary judgment and also filed a motion for attorney's fees. The district court granted summary judgment in favor of the plaintiff and, in the same order, denied the plaintiff's motion for attorney's fees. Following entry of final judgment, plaintiff filed a Rule 59(e) motion asking the court to reconsider the issue of attorney's fees. Plaintiff did not file an appeal within 30 days because he believed the Rule 59(e) motion would toll the filing period. On appeal, the defendant argued that under *Budinich* the plaintiff's appeal was untimely because the Rule 59(e) motion was really a Rule 54(d) motion for attorney's fees that did not toll the time for filing an appeal. This court disagreed, concluding that *Budinich* was distinguishable because it involved an "original request for attorney's fees" not ruled upon by the district court in its final judgment, whereas in *Ramsey* "the district court, as part of its final judgment on the merits, ha[d]

-6-

already passed on and denied the plaintiff's motion for attorney's fees. Thus, plaintiff's motion was not an original request for fees but instead was a motion for reconsideration[.]" *Ramsey*, 12 F.3d at476-477.

The holding and reasoning of *Ramsey* is arguably in tension with the goal of the Supreme Court in *Budinich* that "no interest is served by according different treatment to attorney's fees deemed part of the merits recovery." *Budinich*, 486 U.S. at 202. As a general matter, any misgivings we may have about the correctness of *Ramsey* are immaterial because we are bound to follow the prior panel rulings of this court. *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003). This rule is inapplicable, however, where Congress makes a change in statutory law that directly affects a prior panel opinion. *Arbaugh v. Y & H Corp.*, 2004 WL 1717531 *4 (5th Cir. Aug. 2, 2004) (quoting *Davis v. Estelle*, 529 F.2d 437, 441 (5th Cir. 1976)).

In 1993, Appellate Rule 4(a)(4) was amended to include among the motions that will toll the time for filing a notice of appeal motions for attorney's fees under Rule 54 *if* the district court extends the time to appeal under Rule 58. Fed.R.App.P. 4(a)(4)(A)(iii).[4] This amendment was not considered by the court

---

[4]Fed.R.App.P. 4(a)(4)(A)(iii) provides, in pertinent part:

> (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for

in *Ramsey*.[5]  The Advisory Committee Notes to the 1993 Amendment state, in pertinent part:

> To conform to a recent Supreme Court decision . . .--
> *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196
> (1988)--the amendment *excludes* motions for attorney's
> fees from the class of motions that extend the filing
> time unless a district court, acting under Rule 58,
> enters an order extending the time for appeal.

Advisory Committee Notes, Fed. R. App. P. 4, 1993 Amendments (emphasis added).  Advisory Committee Notes do not have the force of law, but they are instructive in determining Congress's intent in amending a statute.  *United States v. Navarro*, 169 F.3d 228, 237 (5th Cir. 1999).

Although the relevant amendment to Appellate Rule 4(a)(4) provides only that a post-judgment motion relating to attorney's fees may suspend the time for filing notice of appeal, the silence of the rule on the effect of a motion addressing costs is instructive.  Rule 4(a)(4) refers to Rule 58.  Rule 58(c)(1), in turn, provides: "Entry of judgment may not be delayed, nor the time

_____

> all parties from the entry of the order disposing of
> the last such remaining motion:
>         *    *    *
>   (iii) for attorney's fees under Rule 54 if the
> district court extends the time to appeal under Rule
> 58[.]

[5] Although this amendment went into effect almost two months prior to the release of *Ramsey*, it is clear that *Ramsey* did not consider the amendments to Rule 4(a)(4) or the relevant comments thereto in reaching its decision.  *Ramsey*, 12 F.3d at 476 n. 5 (citing the text of old Rule 4(a)(4)).

-8-

for appeal extended, in order to tax costs or award fees, except as provided in Rule 58(c)(2)." Fed.R.Civ.P 58(c)(1). Rule 58(c)(2) then provides for the limited circumstance under which a post-judgment motion for attorney's fees will extend the time for appeal and makes no provision for extending the time for appeal relating to taxing of costs. Because Rule 58(c)(2) is silent on post-judgment motions addressing costs, the intent of the rule is clear: a post-judgment motion addressing costs will not extend the time for appeal.

Thus, reading (4)(a)(4) and the rule it refers to--Rule 58--together, it is clear to us that any post-judgment motion addressing costs or attorney's fees must be considered a collateral issue even when costs or attorney's fees are included in a final judgment. Post judgment motions addressing attorney's fees can only extend the time for appeal if (1) the motion is filed before the delay for appeal expires and (2) the court orders that the motion be considered as a Rule 59 motion.[6] Furthermore, because 58(c)(2) does not give the district court authority to consider a post-judgment motion for costs as a Rule 59 motion, such a motion addressing costs cannot extend the time for appeal.

For these reasons, we conclude that GE's motion to allocate

---

[6] We recognize that this reasoning would not apply where the non-payment of attorney's fees was "the injury giving rise to the action." *Budinich*, 486 U.S. at 200. In such a case, the issue of attorney's fees would be the merits, rather than merely a collateral issue.

costs was not a motion to alter or amend judgment under Rule 59(e), but was rather a collateral motion for costs under Rule 54(d) that did not toll the time for filing an appeal.  Because Moody's appeal was filed 58 days after the district court entered its final judgment, it is untimely and we dismiss Moody's appeal for lack of jurisdiction.

DISMISSED