IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 07-10344

SKIDMORE ENERGY INC; GEOSCIENCE INTERNATIONAL INC

Plaintiffs

v.

MAGHRED PETROLEUM EXPLORATION SA; MIDEAST FUND FOR
MOROCCO, LTD; CRAIN, CATON & JAMES PC; REUVEN M BISK;
ABDELLAH KAMEL; SAMAHA TRADING UK; MOHAMMED
BENSLIMANE; MOULAY ABDELLAH ALAOUI; SHEZI NACKVI;
RICHARD MENKIN; MEDIHOLDING SA

Defendants-Appellees

v.

GARY SULLIVAN

Appellant

Appeal from the United States United States District Court
for the Northern District of Texas, Dallas Division
USDC No. 3: 03-CV-2138-B

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In February 2007, Gary Sullivan was found to be in contempt of court for failing to comply with the district court's order, issued in May 2005, to pay Rule 11 sanctions in the amount of $398,000.49. Sullivan did not appeal the May 2005 sanction order. Other parties to the litigation appealed the order, which this court affirmed. Skidmore Energy, Inc. v. KPMG, 455 F.3d 564 (5th Cir. 2006). Sullivan did timely appeal the 2007 contempt order. However, rather than addressing in his brief how the district court committed error in finding him in contempt, Sullivan instead argues that this court should overturn the 2005 sanction order.

This court does not have jurisdiction to review the 2005 sanction order. Sullivan did not appeal that order and his notice of appeal from the 2007 contempt order does not mention the sanction order. A timely filed notice of appeal is a prerequisite to this court obtaining jurisdiction. Moody National Bank v. GE Life and Annuity Assurance Co., 383 F.3d 249, 250 (5th Cir. 2004). The 2005 sanction order was immediately appealable at the time it was issued. Sullivan also does not mention the sanction order in the notice of appeal he did file. See Fed. R. App. P. 3(c)(1)(B). Accordingly, this court does not have jurisdiction to address the merits of the sanction order.

Although Sullivan timely appealed the 2007 contempt order, his initial brief does not provide any factual or legal analysis in support of reversing that order. His reply brief briefly mentions the order. A party who fails to adequately brief an issue in his initial brief is treated as having abandoned or waived that claim. Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994); N.W. Enterprises, Inc. v. City of Houston, 352 F.3d 162, 183 n.24 (5th Cir.), on rehearing in part on other issues, 372 F.3d 333, cert. denied, 543 U.S. 958 (2003).

For the foregoing reasons, we AFFIRM the judgment of the district court. AFFIRMED.