# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10270
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2015

Lyle W. Cayce
Clerk

FALECIA V. BROWN,

      Plaintiff - Appellant

v.

US AIRWAYS; AMERICAN AIRLINES, INCORPORATED; DEBORAH R. SIMMONS, Corporate Security; RHONDA ATOR, Sr. Specialist Employee Relations Division; LEIGH BOGGS, Accounts Receivable Department; CHRIS ABBEY,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-968

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Falecia Brown, *pro se,* filed a Title VII claim against her former employer American Airlines and others. The district court dismissed for failure to state a claim. Brown untimely appealed. We DISMISS the appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10270

Brown was an employee of American Airlines in the Dallas-Fort Worth area. American fired Brown in April 2014 after she claimed that two managers violated company policies on travel. American's human resources department investigated whether her access and review of managers' travel records complied with company policy. American determined Brown accessed and disclosed employee travel information in violation of company policy. She was given the choice of: (1) accepting a written counseling action; (2) resigning and accepting severance benefits; or (3) terminating her employment with the option to file a grievance. Brown chose the third option and filed a claim under Title VII with the EEOC. The EEOC was "unable to conclude that the information obtained establishe[d] violations of the statutes."

In December 2014, Brown filed suit in the United States District Court for the Northern District of Texas. Instead of filing an answer, American filed a motion to dismiss for failure to state a claim upon which relief could be granted. Brown filed a reply and motion to amend her complaint. The district court ordered that Brown's motion be unfiled because it did not comply with local rules: it did not contain a copy of the proposed amended pleading or a judge's copy. Brown never filed a revised reply. On February 5, 2015, the district court issued a final judgment dismissing all of Brown's claims for failure to state a claim under Title VII.

On February 25, Brown filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. The district court again found her filing did not comply with local rules and ordered it unfiled. Brown did not attempt to file a corrected motion. On March 9, five days after the deadline for filing a Rule 59 motion, Brown filed a motion to extend the time to file a Rule 59 motion. The district court correctly found that under Federal Rule of Civil Procedure 6(b)(2), it could not extend the time to file a Rule 59 motion. On

No. 15-10270

March 31, 53 days after the district court entered final judgment, Brown filed her notice of appeal.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), appellants must file their notices of appeal within 30 days of the entry of final judgments. "A timely filed notice of appeal is an absolute prerequisite to this court's jurisdiction." *Moody Nat'l Bank of Galveston v. GE Life and Annuity Assurance Co.,* 383 F.3d 249, 250 (5th Cir. 2004). "[A] timely filed Rule 59(e) motion . . . will toll the time for filing an appeal until the district court disposes of the motion." *Id.* Here, the district court rendered final judgment on February 5, and then ordered that Brown's Rule 59 motion be unfiled. Because Brown never effectively filed a motion tolling the time for filing a notice of appeal, the notice of appeal was untimely. We do not have jurisdiction to hear this appeal.

DISMISSED.