IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10763
_____

STEWART HOFFMAN; PETER GULLO,

Plaintiffs-Appellants,

v.

JOHN MECKLING; HELGA MECKLING; HYDRODYNAMICS
CORPORATION, a Louisiana Corporation; HYDRO
INTERNATIONAL INCORPORATED, a Louisiana Corporation;
TIMOTHY MCCARTNEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:97-CV-19-Y)
_____

March 11, 1998

Before KING, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Stewart Hoffman and Peter Gullo appeal
the district court's dismissal of their complaint for improper
venue and the district court's denial of their Motion to
Reconsider. We dismiss the appeal of the dismissal for lack of
appellate jurisdiction because of the Appellants' failure to file
a timely notice of appeal under Federal Rule of Appellate
Procedure 4(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

"The failure to file a timely notice of appeal is jurisdictional and cannot be waived." *United States v. Montgomery*, 778 F.2d 222, 224 (5th Cir. 1985). A party in a civil case who has a right of appeal by law has thirty days from the entry of judgment to file notice. FED. R. APP. P. 4(a). However, if a party files a timely motion to alter or amend the judgment under Rule 59, "the time for appeal runs . . . from the entry of the order disposing of the last such motion outstanding." FED. R. APP. P. 4(a)(4). Federal Rule of Civil Procedure 59(e) requires that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." FED. R. CIV. P. 59(e). An untimely Rule 59(e) motion, even if acted upon by the district court, cannot toll the time period for filing a notice of appeal. *Washington v. Patlis*, 868 F.2d 172, 174 (5th Cir. 1989). Moreover, a district court cannot extend the ten-day time period for filing a Rule 59(e) motion. *Id*.

The district court entered final judgment on April 29, 1997. The thirty-day deadline for filing the notice of appeal expired on May 29, 1997. Under Federal Rule of Civil Procedure 6(a), Appellants had until May 13, 1997 to file a Rule 59(e) motion, which would toll the thirty-day deadline. On May 9, 1997, Appellants filed a Motion to Reconsider, recognized by this court as a Rule 59(e) motion. *See Teal v. Eagle Fleet, Inc.*, 933 F.2d

2

341, 347 (5th Cir. 1991).[1]  However, because the motion lacked

the certificate of conference required under Local Rule 5.1(a),

the district court unfiled the motion and struck it from the

record.  LOCAL R. N.D. TEX. 5.1(a) & app. I.  In a case directly on

point, the First Circuit held that a motion struck for failure to

comply with the local rules did not toll the time period for

filing a notice of appeal, declaring that local rules are

essential tools in aiding the courts to manage judicial

resources.  *See Air Line Pilots Ass'n v. Precision Valley*

*Aviation, Inc*., 26 F.3d 220, 223-24 (1st Cir. 1994) (applying

similar reasoning).  Therefore, Appellants' untimely Rule 59(e)

motion did not toll the time period for filing their notice of

appeal; thus, the notice of appeal was untimely filed.

Appellants argue that the district court mistakenly struck

their Rule 59(e) motion because their motion to reconsider was,

in effect, a motion for new trial and thus, did not require the

certificate of conference.  Nothing in the proceedings even

suggests that the Appellants themselves considered their Motion

to Reconsider a motion for new trial at the time that they filed

it.  If they had thought that it was essentially a motion for new

---

[1]In *Teal*, this court distinguished a Rule 59(e) motion from a Rule 60(b) motion by the time at which the motion was filed. 933 F.2d at 347.  Appellants did not argue that their Motion to Reconsider constituted a Rule 60(b) motion, nor did they establish any of the bases for which a Rule 60(b) motion may be filed.  *See* FED. R. CIV. P. 60(b).

3

trial, the Appellants could have simply retitled it as "Motion for New Trial" and filed it by May 13. The district court did not err in striking the Appellants' motion because (1) the district court dismissed Appellants' complaint for improper venue and not after trial, making it impossible for Appellants to establish appropriate grounds for a new trial under Rule 59(a); (2) the Appellants entitled all of the relevant motions as "Motion to Reconsider"; and (3) Appellants' prayer for relief in the motions asked the court to "reconsider its order dismissing the claim and reinstate" the case. Appellants only suggested that their motion was a motion for new trial after the time to file their Motion to Reconsider had run. Appellants' claim that their motion was actually for a new trial has no basis in the record and is, at best, a disingenuous attempt to avoid their own mistake rather than a mistake of the district court or its clerk.

The Appellants argue that the district court "impliedly acknowledged its error" in striking the Motion to Reconsider by granting the Motion for Leave to Refile Motion to Reconsider. The district court did nothing more than acknowledge that the refiling included a certificate of conference, which does not impliedly acknowledge any error. Nothing in the district court's orders suggests that the district court thought that it or its clerk erred in requiring the Appellants to comply with the local rules. We are troubled by the Appellants' attempt to read into the orders something that has no basis in the district court's

4

rulings and to then misrepresent the content of those orders to us.

Lastly, Appellants urge this court to apply the unique circumstances doctrine. The Supreme Court has applied this doctrine where a party has missed the deadline for filing a motion as a result of "'excusable neglect based on a failure of [the] party to learn of the entry of judgment.'" *Thompson v. Immigration and Naturalization Serv.*, 375 U.S. 384, 386-87 (1964) (quoting FED. R. CIV. P. 73(a)); *see also Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217 (1962). In both *Thompson* and *Harris*, the parties relied upon express statements of the district courts in filing their untimely motions. *See Thompson*, 375 U.S. at 386-87; *Harris,* 371 U.S. at 216-17. When the district court makes no affirmative statement to a party that it has timely filed a post-trial motion, the unique circumstances doctrine does not apply. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 178-79 (1989). In a case in which the district court neither made findings of good cause or excusable neglect nor made explicit statements that the notice of appeal was timely filed, this court held that the unique circumstances doctrine did not apply. *See Mann v. Lynaugh*, 840 F.2d 1194, 1200-01 (5th Cir. 1988).

The district court's granting of Appellants' Motion for Leave to Refile Motion to Reconsider did not constitute an

affirmative statement that they had timely filed a Rule 59(e) motion. Cf. id. at 1200 (granting of a certificate of probable cause did not constitute a finding of excusable neglect or good cause). Nothing indicates that the district court explicitly stated that Appellants' motion was timely filed, nor is there any indication that Appellants relied upon any statement of the district court in filing an untimely notice of appeal. *See Air Line Pilots Ass'n*, 26 F.3d at 225 (refusing to apply the unique circumstances doctrine in a similar situation). Additionally, as noted above, there was no statement by the district court upon which Appellants could have relied. The unique circumstances doctrine does not apply, and this court is therefore without jurisdiction.

The Appellants' failure to address the central issue in the district court's order dismissing this case for improper venue and their mischaracterization of the district court's actions cause this appeal to border on being frivolous. The court feels that its resources have been misused in having to consider this case and admonishes Appellants and their counsel for bringing such an appeal.

For the foregoing reasons, we DISMISS Appellants' appeal of the district court's order dismissing the Appellants' complaint for improper venue. Costs are to be borne by Appellants.

RHESA HAWKINS BARKSDALE, Circuit Judge, specially concurring:


Appellants' lunge to rescue jurisdiction — by claiming that their motion to reconsider was one for a new trial, and that the district court "impliedly acknowledged its error" in striking that motion — is much more egregious than as described in our opinion: "disingenuous", "attempt[s] to read [something] into the orders", and "mischaracterization". Indeed, our opinion is closer to the mark in calling them "misrepresentations". Sadly, that is the absolute best that can be said.

This conduct falls far below that expected, required, and demanded of officers of the court. It cannot be tolerated. Accordingly, I would have ordered Appellants' counsel to show cause why they should not be sanctioned.