# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2013

No. 12-10792
Summary Calendar

Lyle W. Cayce
Clerk

RICHARD FRANKLIN,

Plaintiff - Appellant

v.

BURLINGTON NORTHERN & SANTA FE RAILROAD COMPANY;
BURLINGTON NORTHERN & SANTA FE, INCORPORATED; BERKSHIRE
HATHAWAY INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
4:10-CV-618

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The district court entered a final judgment in the instant case on March 22, 2012. Plaintiff Richard Franklin filed a notice of appeal on July 26, 2012, more than thirty days after the district court's entry of judgment; it was thus facially untimely. Fed. R. App. P. 4(a)(1)(A). Franklin tried to file what was liberally construed as a motion to alter or amend the judgment. This motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would have extended Franklin's time to file a notice of appeal. Fed. R. App. P. 4(a)(4). However, the district court struck that motion for violation of the local rules. When Franklin filed it again, the deadline for appeal-extending post-judgment motions had expired. Fed. R. Civ. P. 59(c). Franklin's Rule 59(e) motion therefore did not toll the time for appeal. *See Hoffman v. Meckling*, 139 F.3d 899, 1998 WL 127864, *1 (5th Cir. Mar. 11, 1998) (unpublished) (where district court unfiled and struck appellants' Rule 59(e) motion for violation of local rules, the motion did not toll the time for appeal, even though the court later granted motion for leave to refile the motion).

Franklin seems to argue that the defendants' April 19, 2012 motion to enjoin him from seeking employment with BNSF Railway Co.,[1] and bringing further lawsuits against BNSF related to his claims in the instant case without prior court permission, extended the time for him to file his notice of appeal because this motion was filed under the same cause number as this case. He contends that since the district court granted the defendants' motion to enjoin on July 6, 2012, his notice of appeal was timely. This argument is meritless because the defendants' motion is not one of the six types of motions that can extend the time to file a notice of appeal. Fed. R. App. P. 4(a)(4). Franklin's notice of appeal was not timely filed, and thus we lack jurisdiction over this appeal as to the final judgment. *Moody Nat. Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 250 (5th Cir. 2004) (citing *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978)). Franklin's notice of appeal, liberally construed, also does not indicate an attempt to appeal the injunction order. We therefore do not have jurisdiction to review the injunction order.

This appeal is DISMISSED for lack of jurisdiction. 28 U.S.C. § 1291.

---

[1] As defendants note, the correct name for Franklin's former employer is "BNSF Railway Co." BNSF chose to defend the action without forcing Franklin to amend the name.